BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel. (510) 444-9300
Fax (510) 444-9301
Email: bryan@bryanschwartzlaw.com
        logan@bryanschwartzlaw.com

*Attorneys for Individual and Representative
Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IRAM BAKHTIAR, individually, and on behalf of all others similarly situated,

                              Plaintiff,

        vs.

INFORMATION RESOURCES, INC., and DOES 1 through 50, inclusive,

                              Defendants.

**CASE NO.: 3:17-cv-04559-JST**

**CLASS & COLLECTIVE ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, & INJUNCTIVE RELIEF**

1. **Failure to Pay Overtime under Fair Labor Standards Act, 29 U.S.C. § 207;**

2. **Failure to Pay Overtime under Cal. Labor Code §§ 510, 1194, and IWC Wage Orders;**

3. **Failure to Provide and/or Authorize Meal and Rest Periods under Cal. Labor Code §§ 226.7, 512, and IWC Wage Orders;**

4. **Failure to Provide Accurate Itemized Wage Statements under Cal. Labor Code § 226;**

5. **Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties under Cal. Labor Code §§ 201-204;**

6. **Failure to Reimburse Business Expenses under Cal. Labor Code § 2802; and**

7. **Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200, *et seq.***

8. **Civil Penalties Pursuant to Private Attorneys General Act of 2004, Cal. Labor Code § 2698, *et seq.***

# I.  PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Plaintiff Iram Bakhtiar on her own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative Class Members are or were employed by Defendant Information Resources, Inc. (hereinafter, "IRi") as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions (collectively, "Client Service Managers").

2.     As Client Service Managers, Plaintiff and the putative Class Members are and were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and should have received overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and California Code of Civil Procedure § 382.

3.     The Collective Class is made up of all persons who are or have been employed by IRi as Client Service Managers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.     The California Class is made up of all persons who are or have been employed by IRi as Client Service Managers in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5.     The California Penalties Subclass is made up of all California Class Members who are currently employed by IRi or were employed by IRi at some point within the year prior to this action's filing date through the date of final disposition of this action.

6.     The California Waiting Time Penalties Subclass is made up of all California Class Members who no longer work for IRi and have not worked for IRi for more than 72

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

hours within three years prior to this action's filing date through the date of final disposition of this action.

7.     During the Collective Class Period and the California Class Period, IRi failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiff seeks relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy IRi's failure to: pay appropriate overtime compensation, provide or authorize meal and rest periods, reimburse business expenses, and provide accurate itemized wage statements, in addition to restitution, interest, liquidated damages, penalties, and injunctive relief.

## II.  THE PARTIES

8.     Individual and Representative Plaintiff Iram Bakhtiar resides in Sunnyvale, California. Ms. Bakhtiar worked remotely for IRi's San Francisco, California office as a Client Service Manager (holding the titles Client Service Manager, Client Solutions Manager, and Client Service Analyst at various points) for the E. & J. Gallo Winery account, from June 2011, until September 27, 2016, when IRi terminated her employment. Plaintiff Bakhtiar brings her claims on behalf of herself and the California and Collective Classes. A written consent form for Plaintiff Bakhtiar is attached as Exhibit A.

9.     Defendant Information Resources, Inc. is a Delaware corporation with its principal place of business in Illinois. IRi is a market research company which offers business intelligence and analysis, with an emphasis on the consumer packaged goods industry, to clients in California, throughout the United States, and worldwide. On information and belief, IRi is wholly owned by New Mountain Capital LLC, a private equity firm.

10.     Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative Class Members herein alleged were proximately caused by such Defendants.

11.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## III.  JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. § 207 and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this district, as defined in 28 U.S.C. § 1391(c)(2), and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.  DESCRIPTION OF ILLEGAL PAY PRACTICES

14.     IRi is a global leader in providing consumer, shopper, and retail market intelligence, forecasting, and consulting services to its business clients. IRi's core business is supplying market research data and analysis of that data to its clients in the consumer

4

packaged goods, retail, healthcare, and other industries. IRi counts over one thousand consumer packaged goods manufacturers and retailers as clients worldwide.

15.    IRi's Client Service Managers serve a basic customer service role as the initial point of contact for its business clients. Each Client Service Manager is assigned to a client account, and larger client accounts may have multiple Client Service Managers assigned to them. Client Service Managers' primary duties include fielding inquiries from clients concerning IRi's products and services, opening tickets with IRi's data analysis and technical support personnel, assisting with education and training on how to use IRi's software tools, and checking that the clients are receiving the correct and most recent market research from IRi's data analysis personnel.

16.    Client Service Managers thus operate as intermediaries between IRi's technical personnel and the clients to improve the clients' ability to understand and use the data and analysis provided by those technical personnel. However, Client Service Managers do not manage IRi's client accounts or provide clients with strategic advice concerning their business. In short, Client Service Managers assist in delivering IRi's core product – *i.e.*, market research – to its business clients and in promoting the clients' ability to effectively use that product.

17.    Client Service Managers' primary duties involve routine mental and clerical work, dictated by detailed policies and guidelines enforced by IRi. Client Service Managers field questions from clients concerning IRi's various software tools for retrieving market research reports and a range of other technical support issues. For instance, a client would contact the Client Service Manager if the IRi web portal is down, if the data is not refreshing, it a report will not print, or if the data contains formatting errors. Client Service Managers may be able to resolve basic inquiries, but frequently will open a support ticket with the appropriate team at IRi for them to follow up to resolve the client's concerns.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18.    Client Service Managers also assist with training clients to use IRi's software tools as "helping hands" in conjunction with IRi's Client Insights personnel (who serve an account manager role), who run these training sessions.

19.    Client Service Managers also check the market research data before it is delivered to the client by confirming, *inter alia*: that the client is receiving all categories of data for which they subscribed, that the correct geographic areas are included, that the data is temporally continuous for the period requested, that the names of brands, products, and locations are spelled correctly, and that the formatting is correct. When Client Service Managers discover such errors in the data, they contact the appropriate support team to resolve the issue. Client Service Managers also perform similar checks after the data is delivered to the client to confirm that there are no issues with the reports as viewed by the client through the IRi web portal.

20.    Client Service Managers are subject to detailed performance and timeliness goals based on the accuracy of the data delivered to the client and delivering that data according to IRi's mandated deadlines, in addition to the requirement that Client Service Managers timely respond to all client inquiries and promptly open tickets when necessary. All Client Service Managers within a particular "vertical" (market category) were required to meet the same delivery deadlines, as delay in delivery of data to one client within a vertical would delay the delivery of data to all clients within that same vertical.

21.    Client Service Managers attend weekly "touch base" meetings run by Client Insights (IRi's account managers). Client Service Managers attended these meetings for the purpose of updating the client on the status of support tickets or other concerns raised by the client over the course of the week. The Client Insights supervised the work of Client Service Managers and advised them as to how to update the clients in these meetings.

22.    In addition to supervision by Client Insights, the work of Client Service Managers is supervised by management-level Client Service Consultants and Vice-

6

President-level Client Service Principals, who are ultimately responsible for each client account.

23.    IRi's Client Service Managers are not required to have any kind of certification, specialized training, or a particular academic degree. Rather, job candidates should have a college degree in any subject and may have relevant work experience in marketing or related fields. IRi provides extensive training to new hires as to its policies and procedures for client communication and review of IRi reports.

24.    Client Service Managers are not administrators of IRi's general business operations and they set no overarching policies for IRi or for the individual clients' accounts.

25.    Client Service Managers do not sell products or services to IRi's clients.

26.    Client Service Managers do not supervise any subordinate employees at IRi.

27.    IRi's Client Service Managers are assigned such a high volume of work that, as a practical matter, Client Service Managers routinely work beyond eight hours in a day and over 40 hours in a week to complete the assigned tasks and keep up with client inquiries. Client Service Managers customarily work 50 to 60 hours per week, or more, to timely complete their assignments.

28.    IRi does not provide Client Service Managers with itemized wage statements detailing the hours worked by each Client Service Manager, although, on information and belief, IRi asks each Client Service Manager to record the hours actually worked each pay period.

29.    Client Service Managers rarely have the opportunity to take uninterrupted, off-duty meal or rest breaks, and IRi has no policies in place to provide such breaks to Client Service Managers or to pay premiums when such breaks are missed.

30.    The Client Service Manager's role at IRi is limited to client service and support, providing the client with a familiar point of contact to field inquiries and ensure that those inquiries reach the appropriate personnel at IRi. Client Service Managers'

7

review of reports generated for the clients is focused on ensuring that the client is getting the information it purchased and identifying obvious errors or omissions in that information. In providing client support and reviewing client data, Client Service Managers adhere to IRi's detailed guidelines and do not exercise discretion or independent judgment with respect to advising the client concerning its business strategy.

## V.  COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class**:  All persons who are or have been employed by IRi as Client Service Managers including Client Solutions Managers, Client Service Consultants, Client Service Analysts, and other similar, non-management positions, within the United States at any time from three years prior to the filing of the initial Complaint through the final disposition of this case.

32.    Upon information and belief, IRi suffered and permitted Plaintiff and the Collective Class to work more than 40 hours per week without appropriate overtime compensation.

33.    IRi's unlawful conduct has been widespread, repeated, and consistent.

34.    Upon information and belief, IRi knew that Plaintiff and the Collective Class performed work that required overtime pay. IRi has operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

35.    Upon information and belief, IRi misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state overtime laws. IRi misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of 40 per week.

36.    IRi's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

37.    IRi is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of IRi who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to IRi and are readily identifiable through IRi's records.

## VI.  CLASS ACTION ALLEGATIONS

38.    Plaintiff, on behalf of herself and the California Class, alleges and incorporates by reference the allegations of the preceding paragraphs.

39.    Plaintiff brings all claims alleged herein under California law as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons who worked for IRi in California as Client Service Managers (including Client Solutions Managers, Client Service Consultants, Client Service Analysts, and other similar, non-management positions) during the Class Period. Plaintiff seeks to pursue her claims on behalf of the following defined Class and Subclasses:

**Proposed California Class:** All persons who are or have been employed by IRi as Client Service Managers including Client Solutions Managers, Client Service Consultants, Client Service Analysts, and other similar, non-management positions, within the State of California at any time from four years prior to the filing of the initial Complaint through the final disposition of this case.

**Proposed California Penalties Subclass:** All California Class Members who are or have been employed by IRi at any time within the year prior to the filing of the initial Complaint through the final disposition of this case.

**Proposed California Waiting Time Penalties Subclass:** All California Class Members who no longer work for IRi and have not worked for IRi for more than 72 hours within three years prior to the filing of the initial Complaint through the final disposition of this case.

40.    Numerosity: The proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, IRi employed dozens of people who are geographically dispersed and who satisfy the definition of the Class Members. The names and addresses of the Class Members are available to the IRi. Notice can be provided to Class Members via first-class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

41.    Typicality: Plaintiff's claims are typical of the Class Members, because Plaintiff, like other Class Members, was subjected to IRi's common, unlawful policies, practices, and procedures. Plaintiff is informed and believes that Client Service Managers routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class Members and was subject to IRi's policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to reimburse business expenses; and failing to maintain accurate time records of hours worked by the proposed California Class.

42.    Plaintiff is typical of the proposed California Waiting Time Penalties Subclass, in that she no longer works for IRi, has not worked for IRi for more than 72 hours, and she is owed unpaid overtime compensation and meal-rest break premiums.

43.     Plaintiff is typical of the proposed California Penalties Subclass, in that she worked for IRi within one year prior to the filing of this suit, and IRi failed to issue her accurate itemized wage statements.

44.     <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute separate lawsuits against a large corporate defendant, and fear retaliation and blackballing in their industry. Prosecuting hundreds of identical lawsuits statewide foes not promote judicial efficiency, equity, or consistency in judicial results.

45.     <u>Adequacy</u>: Plaintiff is a member of the California Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions and California wage-and-hour employment litigation.

46.     <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)     Whether IRi improperly classified Plaintiff and members of the proposed California Class as exempt;

(b)     Whether IRi unlawfully failed to fully pay appropriate overtime compensation to members of the proposed California Class in violation of state wage laws;

(c)     Whether IRi's policies and practices provide and/or authorize meal and rest periods in compliance with any applicable state laws;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d)     Whether Plaintiff and proposed California Class members who are no longer employed with IRi are entitled to penalties for failure to timely pay wages upon termination of employment pursuant to applicable state laws;

(e)     Whether IRi failed to provide itemized wage statements showing all hours worked and all premiums earned by Plaintiff and the proposed California Class in violation of state wage laws;

(f)     The proper measure of damages sustained by the proposed California Class; and

(g)     Whether IRi's actions were willful.

47.     Common questions of law and fact exist as to members of the California Penalties Subclass and predominate over any questions solely affecting individual members of the Subclass, including but not limited to whether IRi provided accurate, itemized wage statements to members of the Subclass.

48.     Common questions of law and fact exist as to members of the California Waiting Time Penalties Subclass and predominate over any questions solely affecting individual members of the Subclass, including but not limited to whether IRi failed to timely pay wages and penalties due to members of the Subclass upon the conclusion of their employment.

49.     This case is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for IRi. Furthermore, adjudication of separate actions by individual Class Members could create rulings that, as a practical matter, would be dispositive of the interests of other individuals not party to those actions, impeding their ability to protect their interests.

50.     Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the proposed California Class (and

the proposed subclasses) predominate over any questions affecting only individual members of the proposed California Class (and proposed subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. IRi's common and uniform policies and practices denied the proposed California Class Members overtime pay to which they are entitled. The damages suffered by the individual proposed California Class Members are small compared to the burden and expense of this litigation. Proposed California Class Members may fear workplace retaliation and being blackballed from obtaining future employment in the recruiting and staffing industry. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about IRi's practices.

51.    Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Federal Rule of Civil Procedure 23. The names and addresses of the members of the Proposed California Class are available from IRi.

# FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE FLSA
### (29 U.S.C. § 207)
### (ON BEHALF OF PLAINTIFF AND THE COLLECTIVE CLASS)

52.    Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

53.    Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will sign consent forms and join as plaintiffs.

54.    At all relevant times, IRi has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, IRi has employed and

continues to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, IRi has had gross operating revenues in excess of $500,000.

55.     The FLSA requires each covered employer, such as IRi, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of 40 hours per work week.

56.     During Plaintiff's employment with IRi, within the applicable statute of limitations, Plaintiff and the Collective Class Members worked in excess of 40 hours per workweek. Despite the hours worked by Plaintiff and the Collective Class Members, IRi willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of 40.

57.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, IRi has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59.     Plaintiff, on behalf of herself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b), 255(a), and 260, and such other legal and equitable relief as the Court deems just and proper.

60.     Plaintiff, on behalf of herself and the Collective Class, seeks recovery of her attorneys' fees and costs to be paid by IRi, as provided by the FLSA, 29 U.S.C. § 216(b).

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW**

**(Cal. Labor Code §§ 510, 1194; IWC Wage Orders)**

**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

61.    Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

62.    By failing to pay overtime compensation to Plaintiff and similarly situated California Class Members as alleged above, IRi has violated California Labor Code § 510 and IWC Wage Orders, which require overtime compensation for non-exempt employees.

63.    IRi's failure to pay overtime was done willfully, in bad faith, and in knowing violation of the California Labor Code and IWC Wage Orders.

64.    As a result of IRi's unlawful acts; Plaintiff and similarly situated California Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, penalties and attorneys' fees and costs, under California Labor Code § 1194 and California Code of Civil Procedure § 1021.5, and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE AND/OR AUTHORIZE MEAL AND REST PERIODS**

**(Cal. Labor Code §§ 226.7, 512; IWC Wage Orders)**

**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

65.    Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

66.    Plaintiff and California Class Members regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in

which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

67.   Plaintiff and California Class Members have regularly worked in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

68.   Because IRi failed to afford proper meal periods, it is liable to Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and IWC Wage Orders.

69.   Plaintiff and California Class Members regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which they were relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which they were relieved of all duties per four hours or major fraction thereof, as required under California Labor Code § 226.7 and IWC Wage Orders. Plaintiff and California Class Members have regularly worked in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which they were relieved of all duties,

70.   Because IRi failed to afford proper rest periods, it is liable to Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Orders.

71.   IRi's failure to pay meal and rest period premiums was done willfully, in bad faith, and in knowing violation of the California Labor Code and IWC Wage Orders.

72.   By violating California Labor Code §§ 226.7 and 512, and IWC Wage Orders, IRi is also liable for reasonable attorneys' fees and costs for enforcing the public

interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure § 1021.5.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Cal. Labor Code § 226; IWC Wage Orders)**

**(ON BEHALF OF PLAINTIFF
AND THE CALIFORNIA PENALTIES SUBCLASS)**

73.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

74.     California Labor Code § 226(a) and IWC Wage Orders require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

75.     IRi knowingly and intentionally failed to furnish Plaintiff and similarly situated California Penalties Subclass Members with timely, itemized statements showing the total hours worked, as required by California Labor Code § 226(e) and IWC Wage Orders. As a result, IRi is liable to Plaintiff and similarly situated Subclass Members for the amounts provided by California Labor Code § 226(e).

76.     As a direct and proximate result of IRi's failure to maintain payroll records, Plaintiff and similarly situated Subclass Members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime pay.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

77.     Plaintiff, on behalf of herself and similarly situated California Penalties Subclass Members, requests relief for the amounts provided by California Labor Code § 226(e) as well as attorneys fees and costs provided by California Labor Code § 226(e) and California Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES DUE UPON DISCHARGE AND WAITING TIME PENALTIES

### (Cal. Labor Code §§ 201-204)

### (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA WAITING TIME PENALTIES SUBCLASS)

78.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

79.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

80.     Plaintiff and California Class Members who ceased employment with IRi are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

81.     IRi failed to pay the earned and unpaid wages of Plaintiff and Subclass Members within 30 days from the time such wages should have been paid under California Labor Code §§ 201 and 202.

82.     IRi failed to pay timely wages in accordance with California Labor Code § 204.

83.     IRi willfully failed to timely compensate Plaintiff and Subclass Members for all hours worked.

84.     As a result of the aforementioned legal violations, IRi is liable to Plaintiff and Subclass Members whose employment ended during the Class Period for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under California Labor Code § 203.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE REIMBURSEMENT OF BUSINESS EXPENSES

### (Cal. Labor Code § 2802)

### (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)

85.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

86.     While acting on the direct instruction of IRi and discharging their duties for it, Plaintiff and California Class Members have incurred work-related expenses. Such expenses include, but are not limited to, use of home internet for IRi purposes, printing and photocopying, cloud storage for IRi documents, car expenses for work-related travel, and expenses incurred while entertaining clients. Plaintiff and California Class Members incurred these substantial expenses and losses as a direct result of performing their job duties for IRi.

87.     IRi has failed to properly indemnify Plaintiff and California Class Members for these expenditures and losses that they incurred in direct consequence of the discharge of their duties for IRi and/or in obedience of IRi's direction without properly indemnifying for these losses, IRi has violated California Labor Code § 2802.

88.     By unlawfully failing to reimburse Plaintiff and California Class Members for such business expenses, IRi is also liable for reasonable attorneys' fees and costs under California Labor Code § 2802(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

**(Cal. Business & Professions Code § 17200 *et seq.*)**

**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

89.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

90.     Section 17200 of the California Business & Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by IRi, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq*.

91.     Pursuant to § 17200 *et seq.*, Plaintiff and California Class Members are entitled to injunctive relief against IRi's ongoing unlawful business practices. If an injunction does not issue enjoining IRi from engaging in the unlawful business practices described above, Plaintiff, California Class Members, and the general public will be irreparably injured.

92.     Plaintiff and California Class Members have no plain, speedy, and adequate remedy at law. IRi, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of § 17200 *et seq.* in derogation of the rights of Plaintiff, of California Class Members, and of the general public.

93.     Pursuant to California Business & Professions Code § 17200 *et seq.*, Plaintiff and the California Class are entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that IRi has improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring IRi to pay overtime and meal/rest premiums to all workers in California as defined herein; and an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5 and other applicable law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EIGHTH CAUSE OF ACTION**

**CIVIL PENALTIES PURSUANT TO**
**PRIVATE ATTORNEYS GENERAL ACT OF 2004**

**(Cal. Labor Code § 2698, *et seq.*)**

**(ON BEHALF OF PLAINTIFF**
**AND THE CALIFORNIA PENALTIES SUBCLASS)**

94.     Plaintiff, on behalf of herself and the California Penalties Subclass, alleges and incorporates by reference the allegations in the preceding paragraphs.

95.     The Labor Code Private Attorneys General Act ("PAGA"), California Labor Code § 2698, *et seq.*, enables a Court to award civil penalties for violations of the Labor Code that, prior to the Act, could be assessed and collected only by the Labor and Workforce Development Agency.

96.     Plaintiff has provided notice pursuant to California Labor Code § 2699.3, and on August 9, 2017, asked the California Labor and Workforce Development Agency if it intended to investigate alleged Labor Code violations, as set forth in the letter attached hereto as Exhibit B ("PAGA Notice").

97.     Sixty-five days have passed since the postmark date of Plaintiff's PAGA Notice, and the Agency has not provided notice to Plaintiff regarding its intention to investigate the alleged violations. As such, pursuant to California Labor Code § 2699.3(a)(2)(A), Plaintiff has exhausted her notice requirement and seeks civil penalties under California Labor Code § 2698, *et seq.*

98.     Accordingly, on behalf of herself and all other California Penalties Subclass (hereinafter, "Subclass") members, who have worked for IRi at any time since one year prior to the filing of the initial Complaint to the trial in this action, Plaintiff alleges as follows:

99.     California Labor Code § 558 imposes civil penalties, in addition to any other civil or criminal penalty provided by law, upon any employer or other person acting on behalf of an employer who violates a section of Division 2, Part 2, Chapter 1 of the Labor

21

Code or any provision regulating hours and days of work in any Industrial Welfare Commission Wage Order. Pursuant to Labor Code § 558, IRi is subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was not paid appropriate overtime premiums under Labor Code § 510, as alleged in the Second Claim for Relief, in addition to an amount sufficient to recover unpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was underpaid under Labor Code § 510, as alleged in the Second Claim for Relief, in an addition to an amount sufficient to recover underpaid wages.

100.   Under California Labor Code § 558, described above, IRi is subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was not provided a meal period under Labor Code § 512, as alleged in the Third Claim for Relief, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was underpaid under Labor Code § 512, as alleged in the Third Claim for Relief, in addition to an amount sufficient to recover underpaid wages.

101.   Under California Labor Code § 2699(f)(2), which provides a civil penalty for those violations of the Labor Code which lack a corresponding statutory penalty, IRi is subject to a civil penalty of one hundred dollars ($100) for Plaintiff and each Subclass member per pay period for the initial violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the Third Claim for Relief, and two hundred dollars ($200) for Plaintiff and each Subclass member per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the Third Claim for Relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

102.   Under California Labor Code § 2699(f)(2), described above, IRi is subject to a civil penalty of one hundred dollars ($100) for Plaintiff and each Subclass member per pay period for the initial violation of Labor Code § 226.7 for failing to provide rest periods, as alleged in the Third Claim for Relief, and two hundred dollars ($200) for Plaintiff and each Subclass member per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide rest periods, as alleged in the Third Claim for Relief.

103.   Under California Labor Code § 226.3, which provides for civil penalties for violations of the California Labor Code § 226(a) in addition to any other penalty provided by law, IRi is subject to a civil penalty of two hundred fifty dollars ($250) for Plaintiff and each Subclass member for the first violation of Labor Code §226(a), as alleged in the Fourth Claim for Relief, and one thousand dollars ($1,000) for Plaintiff and each Subclass member for each subsequent violation of Labor Code § 226(a) for failure to provide timely, accurate, itemized wage statements, as alleged in the Fourth Claim for Relief.

104.   Under California Labor Code § 2699(f)(2), described above, IRi is subject to a civil penalty of one hundred dollars ($100) for Plaintiff and each Subclass member whose employment with IRi terminated per pay period for the initial violation of Labor Code §§ 201-203 for failure to pay earned wages upon discharge, as alleged in the Fifth Claim for Relief, and two hundred dollars ($200) for Plaintiff and each Subclass member per pay period for each subsequent violation of Labor Code §§ 201-203, as alleged in the Fifth Claim for Relief.

105.   Under California Labor Code § 2699(f)(2), described above, IRi is subject to a civil penalty of one hundred dollars ($100) for Plaintiff and each underpaid Subclass member per pay period for the initial violation of Labor Code § 2802 for failure to reimburse business expenses, as alleged in the Sixth Claim for Relief, and two hundred dollars ($200) for Plaintiff and each underpaid Subclass member per pay period for each subsequent violation of Labor Code § 2802, as alleged in the Sixth Claim for Relief.

106.   Under California Labor Code 2699(g)(1), IRi is liable for attorneys' fees and costs with respect to the violations alleged herein.

## **PRAYER FOR RELIEF**

107.   WHEREFORE, Plaintiff, on behalf of herself and the members of the proposed Collective Class and the proposed California Class, request judgment and the following specific relief against IRi as follows:

A.   That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA;

B.   That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

C.   That IRi is found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

D.   That IRi is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

E.   That IRi is found to have violated the overtime, meal/rest period, itemized wage statement, waiting time penalty, and business expense reimbursement provisions of the California wage laws cited above as to Plaintiff and the California Class;

F.   That IRi's violations as described above are found to be willful;

G.   An award to Plaintiff and the Collective and California Classes for the amount of unpaid wages and expenses owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

H.      That the Court allow Plaintiff to represented all aggrieved California Penalties Subclass Members under PAGA and award PAGA penalties under California Labor Code § 2699.

I.      That IRi be ordered and enjoined to pay restitution to Plaintiff and the California Class due to IRi's unlawful activities, pursuant to California state law cited above;

J.      That IRi further be enjoined to cease and desist from unlawful activities in violation of the state laws cited above;

K.      That the Court grant declaratory relief stating that IRi's scheme is unlawful;

L.      For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); California Labor Code §§ 226, 1194, 2802(c), and 2699(g)(1); California Code of Civil Procedure § 1021.5, and/or other applicable law; and

M.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: October 13, 2017          Respectfully submitted,

                                 BRYAN SCHWARTZ LAW

                                 By: _____
                                 Logan Starr
                                 ATTORNEYS FOR PLAINTIFF AND
                                 THE PUTATIVE CLASSES

25