UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR,<br><br>    Plaintiff,<br><br>    v.<br><br>INFORMATION RESOURCES, INC.,<br><br>    Defendant. | Case No. 17-cv-04559-JST<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: ECF No. 24 |

Before the Court is Defendant Information Resources, Inc.'s ("IRI") Motion to Transfer Venue. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

Plaintiff, Iram Bakhtiar, brings this putative collective and class action against her former Employer, IRI. ECF No. 13 1 ¶ 1. Bakhtiar resides in Sunnyvale, California. Id. ¶ 8. IRI is a Delaware corporation that is headquartered in Chicago, Illinois. Id. ¶ 9; ECF No. 24 at 7. Bakhtiar worked remotely for IRI as a Client Service Manager from June 2011 to September 2016. ECF No. 13 ¶ 8. Bakhtiar alleges that she and the other putative class members are non-exempt employees under state and federal wage and hour laws. Id. ¶ 2. She alleges that she and the other putative class members should have been classified as non-exempt employees and received overtime pay consistent with the requirements of those laws. Id.

## II.   REQUEST FOR JUDICAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." IRI requests, and Bakhtiar does not oppose, judicial

notice of the judicial caseloads of the United States District Courts for the Northern California and the Northern District of Illinois. The Court will take judicial notice of these caseloads.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citation and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988))).

As the moving party, Defendant bears the burden of showing that transfer is warranted. Id. at 499. The statute defines three factors that courts must consider: the convenience of the parties, the convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action. See Jones, 211 F.3d at 498; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Barnes & Noble v. LSI Corp., 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011).

## IV. DISCUSSION

### A. Venue in the Target District

Transfer is only appropriate if the action could have been brought in Northern District of Illinois. "A district court is one in which an action could have been brought originally if (1) it has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and

2

(3) venue would have been proper." Duffy v. Facebook, Inc., No. 16-CV-06764-JSC, 2017 WL 1739109, at *3 (N.D. Cal. May 4, 2017) (citing Hoffman, 363 U.S. 333, 343-44 (1960).

Here, IRI argues, and Bakhtiar does not dispute, that this action could originally have been brought in the Northern District of Illinois. Proper venue and personal jurisdiction exist in the Northern District of Illinois because IRI maintains its corporate headquarters in Chicago, Illinois. See 28 U.S.C. § 1391(c)(2); Int'l Shoe Co. v. Washington, 326 US, 316-317 (1945). Accordingly, the Court finds that this case could have been brought in the Northern District of Illinois.

**B.        Plaintiff's Choice of Forum**

Bakhtiar has chosen the Northern District of California as the forum for her lawsuit. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co., 805 F.2d at 843. When, as here, "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." See, e.g., Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Nevertheless, because the named Plaintiff resides in the Northern District of California and some of the operative events occurred in this district, Plaintiff's "choice of forum is [still] entitled to deference, even though this factor is accorded less weight in a class action context." Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund, No. 14-CV-05596-JST, 2015 WL 1738269, at *3 (N.D. Cal. Apr. 9, 2015); see also Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 544 (N.D. Cal. 2005) ("In class actions, this deference is reduced *where a plaintiff lacks contacts with the chosen district*.") (emphasis added); Lucas v. Daiichi Sankyo Co., No. C 11-0772 CW, 2011 WL 2020443, at *3 (N.D. Cal. May 24, 2011) ("Lucas's choice of forum in this action is entitled to reduced deference because he seeks to represent a class and he has filed his complaint in a district *outside of the district in which he is domiciled.*") (emphasis added). Such deference is warranted because the named Plaintiffs, if they serve as class representatives, will "bear a great deal of responsibility," while the other putative class members will not likely "need to appear in this action." Reyes, 2015 WL 1738269, at *3 (citing David v. Alphin, No. 06–cv–04763–WHA, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007)).

IRI argues that the relevant acts supporting Bakhtiar's theories of liability occurred

3

1  predominantly in Chicago because the "Chicago headquarters is where IRI's primary executive,
2  administrative, financial, legal, human resources, and management functions are conducted and
3  the high level officers direct, control, and coordinate the corporation's activities. ECF No. 24 at
4  15-16. However, Bakhtiar worked for IRI from her home located in the Northern District of
5  California eighty perscent of the time. ECF No. 30 at 22. And while the number of California
6  class members is still unknown, IRI estimates that 13 of IRI's 146 non-management employees
7  were based in California. ECF No. 24 at 14. Accordingly, all of the operative facts did not occur
8  in Chicago. See Shultz v. Hyatt Vacation Mktg. Corp., No. 10-CV-04568-LHK, 2011 WL
9  768735, at *5 (N.D. Cal. Feb. 28, 2011) (The location of Defendant's headquarters, including
10 centralized human resources functions, "does not negate the importance of Plaintiff's Northern
11 District of California contacts. Simply because [Defendant] determines policies or makes
12 compensation decisions [in another District] does not negate the local impact of those decisions
13 when they are implemented elsewhere.").

14  IRI also argues that Bakhtiar's attempt to bring the case in this Court, as opposed to the
15 San Jose Division of the Northern District of California, or in the Eastern District of California
16 "may amount to forum shopping and/or be for the convenience of her attorneys." ECF No. 24 at
17 15. Bakhtiar argues that she selected the San Francisco Division because IRI maintains an office
18 in San Francisco, or at the very least rents an office in San Francisco.[1] ECF No. 30 at 12. This
19 choice does not amount to forum shopping. See Alul v. Am. Honda Motor Co., Inc., No. 16-CV-
20 04384-JST, 2016 WL 7116934, at *3 (N.D. Cal. Dec. 7, 2016) ("[A]ttempting to achieve tactical
21 advantage in the choice of a forum . . . is a perfectly legitimate goal in an adversarial system of
22 justice, so long as Plaintiffs are not trying to escap[e] a prior unfavorable ruling in its own case.")
23 (internal quotation marks and citations omitted). Here, IRI has offered no argument that
24 Bakhtiar's choice of forum was an attempt to escape a prior unfavorable ruling.

25  Therefore, the Court will give some deference to Plaintiff's choice of forum.

---

[1] IRI's website lists 71 Stevenson Street, Suite 400 San Francisco, CA 94105 as one of its "other U.S. locations." See CONTACT US, IRI, https://www.iriworldwide.com/en-US/company/contact-us (last visited January 22, 2018).

4

### C. Convenience Factors

Convenience of the non-party witnesses, convenience to parties, and ease of access to evidence are relevant factors in considering a motion to transfer. See Barnes & Noble, 823 F. Supp. 2d at 993.

"The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). Here, neither party has identified any non-party witnesses so this factor remains neutral.

The Court acknowledges that the Northern District of Illinois would be a more convenient venue for IRI; the Northern District of California is a more convenient forum for Plaintiff. Transfer is not permitted if it simply shifts the inconvenience from one party to another. See Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). And while Defendants argue that 37 putative class members live in Illinois compared to 13 in California, the "lead plaintiff has important responsibilities in managing class actions and the possibility of certification therefore lends importance to named plaintiff's convenience in the transfer analysis." Swamy v. Title Source, Inc., No. C 17-01175 WHA, 2017 WL 2533252, at *2 (N.D. Cal. June 12, 2017) (internal quotation marks and citations omitted).

IRI also argues that "nearly all key witnesses are located in Chicago." ECF No. 24 at 16. IRI contends that IRI senior level officers, human resources officials, accounting supervisors, and the putative class and collective class members' supervisors are located in Chicago. Id. at 17-18. While this may be true, "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." Lax v. Toyota Motor Corp., 65 F. Supp. 3d 772, 779 (N.D. Cal. 2014) (quoting SkyRiver Tech. Solutions, LLC v. OCLC Online Computer Library Ctr., Inc., 2010 WL 4366127, *3, Case No. 10–03305 JSW (N.D.Cal.2010) ). Furthermore, Bakhtiar has agreed "that any of Defendant's employee witnesses who reside in the Chicago area may be deposed there." ECF No. 30 at 13.

On reply, IRI argues that a subpoena may be necessary to compel the testimony of former

or subordinate employees. ECF No. 13 at 19. However, IRI does not identify any such former or subordinate employees. In fact, its core argument is that the case should be transferred to Chicago because the Chicago headquarters is where "primary executive, administrative, financial, legal, human resources, and management functions are conducted and where IRI's senior level officers direct, control and coordinate the corporation's activities." ECF No. 24 at 17. IRI further argues that "[a]ll US-based employment decisions" are approved by the human resources group in Chicago. Id. at 17-18. These employees can be compelled to testify. Therefore, IRI's convenience tips only slightly favor of transfer.

Finally, IRI argues that "nearly all relevant documents are located in Chicago." ECF No. 24 at 19. Bakhtiar argues that given current technology, "the location of documentary evidence in Chicago does not warrant transfer." ECF No. 16 at 22. Courts in this district have expressed different views on the continuing relevance of this factor. Compare Lax, 65 F. Supp. 3d at 780 ("where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information) with Roe v. Intellicorp Records, Inc., No. 12-CV-02567-YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) ("while technological developments have reduced the burden of retrieving and transporting documents, and diminished the weight of this factor in the transfer determination, this factor nonetheless weighs in favor of transfer"). This Court finds that this factor tips slightly in favor of transfer.

### D. Other Section 1404(a) Factors

While federal courts in the Northern District of Illinois are fully capable of applying California law, this Court is more familiar with California law. This factor tips slightly in favor of transfer. Both districts are congested with a similar caseload and both districts have a local interest in the controversy so these factors are neutral.

Considering the weight given to Bakhtiar's choice of forum and the diminished weight given to the convenience of IRI, as well as the slight weight given to this Court's familiarity with California law, the Court finds the IRI has not demonstrated that the balance of convenience and interests of justice factors clearly favor transfer.

**CONCLUSION**

For the foregoing reasons, the motion to transfer is denied.

**IT IS SO ORDERED.**

Dated: February 22, 2018

_____
JON S. TIGAR
United States District Judge