BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel. (510) 444-9300
Fax (510) 444-9301
Email: bryan@bryanschwartzlaw.com
       logan@bryanschwartzlaw.com

*Attorneys for Individual and Representative Plaintiff and the Putative Class*

JACKSON LEWIS P.C.
Mitchell F. Boomer (SBN 121441)
Robert I. Lockwood (SBN 259870)
Janelle J. Sahouria (SBN 253699)
50 California Street, Ninth Floor
Tel. (415) 394-9400
Fax (415) 394-9401
Email: boomerm@jacksonlewis.com
       robert.lockwood@jacksonlewis.com
       janelle.sahouria@jacksonlewis.com

*Attorneys for Defendant Information Resources, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFORMATION RESOURCES, INC., and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 3:17-cv-04559-JST<br><br>**JOINT STIPULATION REGARDING PRODUCTION OF CLASS LIST; [proposed] ORDER**<br><br>Hon. Jon S. Tigar |

# RECITALS

WHEREAS, Plaintiff Iram Bakhtiar ("Plaintiff") served written discovery requests, including interrogatories, on Defendant Information Resources, Inc. ("Defendant"), on October 25, 2017. Pursuant to the agreement of the Parties, responses to these requests are due on December 20, 2017;

WHEREAS, Plaintiff has requested that Defendant identify each member of the putative National Class and the putative California Class, including but not limited to providing the last known mailing address, email address, and telephone number for each member of these putative Classes (Plaintiff's Interrogatories 2 and 4);

WHEREAS, Defendant does not oppose production of these putative Class lists, but seeks to protect the privacy of putative Class Members and ensure that such putative Class Members will not be subject to intrusive or unwanted contact from Plaintiff's Counsel;

WHEREAS, the Parties have met and conferred and agree that Defendant will produce the putative Class lists subject to certain conditions intended to protect putative Class Members from intrusive or unwanted contact from Plaintiff's Counsel;

WHEREAS, Plaintiff agrees that Plaintiff's Counsel will not contact any putative Class Member via telephone based on information provided by Defendant until first sending such putative Class Member a letter via first class mail or an email stating that the putative Class Member has the right not to speak with Plaintiff's Counsel and that if he or she elects not to talk to Plaintiff's Counsel and informs Plaintiff's Counsel of the same in writing (via electronic mail, facsimile, or letter), Plaintiff's Counsel will terminate the contact and not contact such Class Member again. Plaintiff further agrees that all putative Class Member contact information shall be designated as Confidential pursuant to the Parties' Stipulated Protective Order in this case, and that such information shall only be used for purposes of litigating the instant case; and

WHEREAS, Defendants expressly reserve all rights and arguments in opposition to conditional certification under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and in opposition to class certification under Federal Rule of Civil Procedure 23.

## **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendant through their respective undersigned counsel that:

1. For purposes of this action, Defendant will identify the members of the putative National Class and the putative California Class to Plaintiff's Counsel as requested by Plaintiff's Interrogatories 2 and 4, subject to a designation as Confidential pursuant to the Parties' Stipulated Protective Order;

2. Plaintiff's Counsel will not contact any putative Class Member via telephone based on information provided by Defendant without first sending such putative Class Member a letter via first class mail or an email stating that the putative Class Member has the right not to speak with Plaintiff's Counsel and that if he or she elects not to talk to Plaintiff's Counsel and informs Plaintiff's Counsel of the same in writing (via electronic mail, facsimile, or letter), Plaintiff's Counsel will terminate the contact and not contact such Class Member again.

3. Except as otherwise stated in this Stipulation, by entering into this Stipulation, Defendant does not waive and expressly reserves all defenses and challenges in the action.

DATED: March 5, 2018        **BRYAN SCHWARTZ LAW**

By: */s/ Logan Starr*
    Bryan J. Schwartz
    Logan Starr

Attorneys for Plaintiff

| | |
|---|---|
| DATED: March 5, 2018 | **JACKSON LEWIS P.C.** |
| | By: */s/ Robert I. Lockwood*<br>Mitchell F. Boomer<br>Robert I. Lockwood<br>Janelle J. Sahouria |
| | Attorneys for Defendant |

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that the concurrence in the filing of the Joint Stipulation submitted by Plaintiff Iram Bakhtiar has been obtained from the other signatory therein, Robert Lockwood, attorney for Defendants in this matter.

Dated: March 5, 2018            __*/s/ Logan Starr*___
                                Logan Starr

# [PROPOSED] ORDER

Pursuant to the Parties' Joint Stipulation, IT IS THEREFORE ORDERED that:

1. Defendant shall produce the putative Class Member information as to the putative National and California classes, according to Plaintiff's Interrogatories 2 and 4, subject to the limitations and protections of putative Class Member privacy identified in the Parties' Joint Stipulation;

2. Plaintiff's Counsel shall not contact any putative Class Member via telephone based on information provided by Defendant without first sending such putative Class Member a letter via first class mail or an email stating that the putative Class Member has the right not to speak with Plaintiff's Counsel and that if he or she elects not to talk to Plaintiff's Counsel and informs Plaintiff's Counsel of the same in writing (via electronic mail, facsimile, or letter), Plaintiff's Counsel shall terminate the contact and not contact such Class Member again; and

3. The information produced by Defendant in response to Plaintiff's Interrogatories 2 and 4 shall be designated as Confidential pursuant to the Stipulated Protective Order in this action and shall be used only for purposes of this action.

Dated: March _7_, 2018          By:

_____
The Honorable Jon S. Tigar
Judge of the United States District Court