UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR,<br><br>            Plaintiff,<br><br>    v.<br><br>INFORMATION RESOURCES, INC.,<br><br>            Defendant. | Case No. 17-cv-04559-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>Re: ECF No. 50 |

Before the Court is Plaintiff Iram Bakhtiar's motion for conditional certification under the Fair Labor Standards Act.  ECF No. 50.  For the reasons set forth below, the Court will grant the motion in part and deny it in part.

## I.        BACKGROUND

Bakhtiar, brings this putative collective and class action against her former employer, Information Resources, Inc. ("IRI").  ECF No. 13 (First Amended Complaint, "FAC") 1 ¶ 1.  IRI is "a market research company that offers business intelligence and analysis, with an emphasis on the consumer packaged goods industry, to clients in California, throughout the United States, and worldwide."  Id. ¶ 9.  Bakhtiar and the putative class members were or are employed by IRI as "Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions."  Id. at ¶ 1.  Bakhtiar alleges that she and the other putative class members are and were non-exempt employees under state and federal wage and hour laws.  Id. ¶ 2.  She contends that they should have been classified as non-exempt employees and received overtime pay accordingly.  Id.

## II.       LEGAL STANDARD

The Fair Labor Standards Act provides that actions against employers for violation of its

1    overtime requirements may be brought "in any Federal or State court of competent jurisdiction by

2    any one or more employees for and in behalf of himself or themselves and other employees

3    similarly situated."  29 U.S.C. § 216(b).  A suit brought on behalf of other employees is known as

4    a "collective action," a type of suit that is "fundamentally different" from class actions.  *Genesis*

5    *Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (citing *Hoffmann–La Roche Inc. v. Sperling*,

6    493 U.S. 165, 169–70 (1989)).  For example, unlike in class actions, members of a collective

7    action must file a "consent to sue" letter with the court in which the action is brought creating an

8    opt-in class.  29 U.S.C. 216(b).  Collective actions allow aggrieved employees "the advantage of

9    lower individual costs to vindicate rights by the pooling of resources."  *Hoffman–LaRoche Inc.*,

10   493 U.S. at 170.

11          Certification requires a showing that the potential class members are "similarly situated."

12   *Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009) (citation omitted).  A

13   majority of courts, including district courts in this circuit, follow a two-step process for

14   determining whether a class is "similarly situated."  *See Harris v. Vector Marketing Corp.*, 753

15   F.Supp.2d 996, 1003 (2010); *Lewis*, 669 F.Supp.2d at 1127.  In the first stage, alternatively called

16   "the notice stage" and "conditional certification," the court considers whether the plaintiff has

17   submitted sufficient evidence to justify the conditional certification of the class and the sending of

18   notice of the action to potential class members.  *Lewis*, 669 F.Supp.2d at 1127.  Only after notice

19   is sent and discovery has closed do district courts move to the second step, in which the court

20   reevaluates the collective action under a stricter standard, usually prompted by a motion for

21   decertification by the defendant.  *Id.*  At this point, the court considers several factors, including

22   "the disparate factual and employment settings of the individual plaintiffs, the various defenses

23   available to the defendant with respect to each plaintiff, fairness and procedural considerations,

24   and whether the plaintiffs made any required filings before instituting suit."  *Id.* (citation omitted).

25   **III.   DISCUSSION**

26          Bakhtiar asks the Court to (1) conditionally certify this action for purposes of notice and

27   discovery; (2) order that the Notice of Collective Action and Consent Form be sent to all putative

28   collective class members; (3) approve the form, content, and method of transmission of Plaintiff's

United States District Court
Northern District of California

2

proposed Notice of Collective Action and Consent Form; (4) order Defendants to supplement the

Class List with an Excel (.xls.) document containing contact information for each putative

collective class member within ten days of the filing of the Order resolving this Motion, including

last-known home address, last-known personal email address, and last-known personal cell phone;

and (5) authorize a sixty-day opt-in period for putative collective action members to seek to opt

into the case.  ECF No. 50 at 20**.**

### A.      Conditional Certification

Bakhtiar moves to conditionally certify the following putative collective action:

> All persons who are or have been employed by IRI as Client Service
> Managers including Client Solutions Managers, Client Service
> Consultants, Client Service Analysts, and other similar, non-
> management positions, within the United States at any time from
> three years prior to the filing of the initial Complaint through the
> final disposition of this case.

FAC ¶ 31; ECF No. 50 at 15 n.2.  Defendants do not oppose this request.  ECF No. 51 at 3.

"The standard for certification at this stage is a lenient one that typically results in

certification."  *Lewis*, 669 F.Supp.2d at 1127 (citation omitted).  Conditional certification at the

notice stage requires "little more than substantial allegations, supported by declarations or

discovery, that the putative class members were together the victims of a single decision, policy,

or plan."  *Id.* (citation and internal quotation marks omitted).  Additionally, where the parties

allege misclassification, the plaintiff also must "provide some further allegation or evidence

indicating that prospective class members share similar job duties."  *Kress v.*

*PricewaterhouseCoopers*, LLP, 263 F.R.D. 623, 629–30 (E.D.Cal.2009) (citations omitted).  In

determining whether a plaintiff has satisfied her burden to establish that conditional certification is

proper, "courts need not consider evidence provided by defendants."  *Id.* at 628.

Here, Plaintiff has shown that conditional certification is appropriate by providing

substantial allegations that the putative class members had similar job duties and experiences.

Plaintiff submits seven declarations from putative collective action members about their job

responsibilities and experiences working for IRI, such as "validating market research data prior to

delivery to the client" and "fielding various service inquiries from the client."  *See* ECF No. 50-3-

50-10.  The Court will grant Bakhtiar's motion and conditionally certify the collective action.

**B.      Notice and Consent Form**

IRI does not oppose the sending of notice to all putative collective action members and does not appear to oppose the form or content of the transmission.  *See* ECF No. 51.  The Court has reviewed the proposed notice and consent form and finds that it provides putative collective action members with sufficient information about their rights and obligations.  However, IRI does oppose three parts of IRI's notice plan: the proposed 60-day opt-in period, the dissemination of notice by email and text massage, and the second reminder notice.  ECF No. 51 at 3-6.

**1.      Opt-in Period**

Bakhtiar requests that potential class members have 60 days to opt in to the collective action.  ECF No. 50 at 18.  IRI opposes this request, arguing that the opt-in deadline should be 30 days because Bakhtiar's counsel has already been able to contact employees for three months.  ECF No. 51 at 3.  IRI notes that it produced contact information on March 23, 2018 and that Plaintiff's counsel has already begun contacting employees using this information.  *Id.* at 3-4.

"Though opt-in periods vary, timeframes of sixty to ninety days appear to have become the presumptive standard in this District."  *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (collecting cases); *see also Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2015 WL 6152476, at *19 (N.D. Cal. Oct. 20, 2015); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1207 (N.D. Cal. 2013); *Lusby v. Gamestop Inc.*, 297 F.R.D. 400, 414 (N.D. Cal. 2013).  There is good reason for this practice, which seeks to provide a reasonable opportunity for affected employees to consider their options concerning an important matter, particularly given the likelihood that, for most or all of them, an FLSA collective action is the only avenue through which their claims are likely to be adjudicated.

IRI provides no authority to support shortening this district's presumptive opt-in period.  At the hearing on this motion, IRI's counsel suggested that this case is "unique" because Plaintiff's counsel has already obtained class members' contact information.  That fact does not make the case unique; the prevailing practice among courts in the Northern District of California is to allow pre-certification discovery of putative class members' confidential contact information

4

1    subject to a protective order.  *See, e.g., Austin v. Foodliner, Inc.*, No. 16-cv-07185-HSG(DMR)

2    2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-

3    0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013).

                              **2.      Text and Email Communication**

4

5         Bakhtiar requests to "mail, text and email copies of the Court-approved Notice of

6    Collective Action and Consent Form to the potential collective action members."  ECF No. 50 at

7    18.  IRI opposes the use of text message and email communication because it "is harassing" and

8    "intrusively uses a third and fourth form of communication to inundate employees."  ECF No. 51

9    at 4.  IRI also contends that "[n]otice by electronic means also creates an unnecessary risk that the

10   notice's contents will be modified and/or misleading information will be relayed to putative class

11   members or that the notice with be forwarded to unintended recipients."  *Id.*

12        First, the Court fails to find any meaningful distinction between the risk that an email will

13   be forwarded to an unintended recipient and the risk that a mailed notice will forwarded to an

14   unintended recipient.  *See Sobolewski v. Boselli & Sons, LLC*, No. 16-CV-01573-RM-STV, 2017

15   WL 4586108, at *3 (D. Colo. Oct. 16, 2017) ("Such mailed notices can easily be scanned, copied,

16   or photographed (via smartphone) and easily forwarded by any number of means—including

17   email. This is also true with concerns that notices via email could be forwarded to nonclass

18   members and easily posted on internet sites.").  Second, courts in this district routinely approve

19   email notice of conditional collective action certification.  *See, e.g.*, *Marino v. CACafe, Inc.*, No.

20   16-CV-6291 YGR, 2017 WL 5713390, at *5 (N.D. Cal. Nov. 9, 2017); *Walsh v. CorePower Yoga*

21   *LLC*, No. 16-CV-05610-MEJ, 2017 WL 4390168, at *2 (N.D. Cal. Oct. 3, 2017); *Otey v.*

22   *CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013);

23   *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009).  Given the real risk

24   that potential collective action members have changed their physical addresses and the reality that

25   many potential collective action members will prefer electronic communication, "[p]roviding

26   notice by first class mail and email will sufficiently assure that potential collective action members

27   receive actual notice of this case."  *Lewis*, 669 F. Supp. at 1128.

28        Given that the Court is ordering notice by first class mail and email, the Court will not also

United States District Court
Northern District of California

order notice by text message.  First, there has been no showing that such notice is necessary in light of the fact that class members will be receiving two additional forms of notice.  Plaintiff cites *Desio v. Russell Rd. Food & Beverage, LLC*, No. 215CV01440GMNCWH, 2017 WL 4349220, at *5 (D. Nev. Sept. 29, 2017) for the proposition that "notice by text message increases chance that class members who have moved will receive notice."  ECF No. 55 at 6.  However, the *Desio* court found that contact via text message was necessary because of the "transient nature of the dancers" who were the potential collective action members in that case.  *Desio*, 2017 WL 4349220, at *5. No one argues that there is a similar risk here.  Second, IRI argues that text message notice "may force employees to incur further charges from their cellular phone service provider depending on their text and/or data plans."  ECF No. 51 at 5.  Bakhtiar does not respond to this argument.[1]

Therefore, Bakhtiar's request for text message notice is denied.  Her request for first class mail and email notice is granted.

### 3.    Second Notice Communication

Bakhtiar also asks to issue "a second identical copy of the Notice of Collective Action and Consent Form to potential collective action members reminding them of the postmark deadline for the submission of the Consent Forms unless a putative class action member indicates or has indicated that they decline communication regarding this matter."  ECF No. 50 at 18-19.  IRI

---

[1] Plaintiff's request for text notice raises questions the parties' briefs do not answer.  For example, Plaintiff states that text message notice is necessary to reach as many IRI employees as possible, while IRI complains that such notice is redundant.  Undoubtedly, some forms of communication are more likely than others to reach an intended recipient:  some people are more likely to read a letter sent by first-class mail; some more likely to read an email; and some more likely to read a text message.  Also, some people will read multiple forms of communication, but will read some forms more quickly than others.  It seems likely that readership patterns might be affected by such factors as age and socioeconomic class.  To achieve the parties' goals of maximizing actual notification while minimizing redundancy, it would be useful to have information on the percentage of persons who fall into these various categories, but none is before the Court on this motion.  Thus, to a certain extent, the parties' arguments depend on speculation.

Similarly, IRI complains that a text message can potentially impose a cost upon the recipient, but some consumers' cell phone plans allow the receipt of unlimited text messages without further charge.  Those consumers would pay nothing to receive notice by text message.  In evaluating the trade-off between maximizing notification and minimizing unnecessary cost or burden on potential collective action members, it would be useful to know what percentage of notice recipients are likely to actually pay a text message charge.  But there is no information on that subject either.

contends that this request should be denied.  ECF No. 51 at 4.  IRI argues that that "[s]ending the same letter twice to the same individuals at the same addresses is unnecessary and harassing."  *Id.*  The Court joins the many "courts [that] have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in." *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012); *see also Gee v. Suntrust Mortg., Inc.*, No. C-10-1509-RS, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010). Bakhtiar's request to mail and email a second identical copy of the Notice of Collective Action and Consent Form is granted.

### 4.    Notice Language

As discussed at the hearing on this motion, Plaintiff should make two additional changes to the notice.

First, the second sentence of the introductory portion of the notice should be amended to read, "Please note that the Court has not ruled on the merits of the lawsuit.  The Court has only ruled that it is important that you be notified of the existence of the lawsuit so that you can determine whether you wish to join it."

Second, the date by which notice recipients must respond should be included in both the introduction section and section 4 of the notice.

### CONCLUSION

Bakhtiar's motion for conditional certification of the putative FLSA collective action is GRANTED.  IRI is ordered to supplement the Class List with an Excel (.xls.) document containing contact information for each putative collective class member within ten days of the filing of this order, including last-known home address and the last-known personal email address.[2]  ECF No. 50 at 20.  Bakhtiar's counsel shall mail and email copies of the approved Notice of Collective Action and Consent Form to all putative collective class members, at their own expense, no later than 7 days after receiving the supplemented class list.  Bakhtiar's counsel

---

[2] IRI is not required to provide the last-known personal cell phone number for each putative collective class member.

United States District Court
Northern District of California

1   is authorized to mail or email a second identical copy of the notice to potential collective action

2   members reminding them of the postmark deadline 30 days from the date the first notice is issued.

3   Putative members shall have 60 days from the date on which the notice is issued to opt in to the

4   action.

5           **IT IS SO ORDERED.**

6   Dated:  July 26, 2018

7                                                   _____

8                                                        JON S. TIGAR
                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California