# EXHIBIT A

1  Bryan Schwartz (Cal. Bar No. 209903)
   Samuel Goldsmith (Cal. Bar No. 320471)
2  BRYAN SCHWARTZ LAW
   180 Grand Avenue, Suite 1380
3  Oakland, California 94612
   Telephone: (510) 444-9300
4  Facsimile: (510) 444-9301
   bryan@bryanschwartzlaw.com
5  samuel@bryanschwartzlaw.com

6  Attorneys for Plaintiff IRAM BAKHTIAR
   individually and on behalf of others similarly-situated
7
   Mitchell F. Boomer (Cal. Bar No. 121441)
8  Fraser A. McAlpine (Cal. Bar No. 248554)
   Janelle J. Sahouria (Cal. Bar No. 253699)
9  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
10 San Francisco, California 94111-4615
   Telephone: (415) 394-9400
11 Facsimile: (415) 394-9401
   Mitchell.Boomer@jacksonlewis.com
12 Fraser.McAlpine@jacksonlewis.com
   Janelle.Sahouria@jacksonlewis.com
13
   Attorneys for Defendant
14 INFORMATION RESOURCES, INC.

15

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18 IRAM BAKHTIAR, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-04559-JST |
| 19 | CLASS ACTION & COLLECTIVE ACTION |
| 20 Plaintiff, | **AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS** |
| 21 v. | |
| 22 INFORMATION RESOURCES, INC, and DOES 1 through 50, inclusive, | Judge:          Hon. Jon S. Tigar |
| 23 Defendants. | Complaint Filed:   August 9, 2017 Trial Date:         None Set |
| 24 | |

25       This Joint Stipulation of Settlement of Class and Collective Action Claims, including

26 **Exhibits 1, 2, 3,** and **A, B,** and **C** hereto ("Settlement," "Settlement Agreement" or "Agreement"),

27 is made and entered into by, between, and among Plaintiff IRAM BAKHTIAR ("Plaintiff"), on

28 behalf of herself, the California Settlement Class Members, the FLSA Settlement Collective

Members, and the Hybrid Settlement Class Members, as defined below, on the one hand, and Defendant INFORMATION RESOURCES, INC. ("Defendant" or "IRI") (collectively, "the Parties") on the other hand.  The Parties enter into this Agreement to effect a full and final settlement and preclusive judgment resolving all claims brought or that could have been brought against IRI based on the Complaint allegations in the case entitled *IRAM BAKHTIAR, individually, and on behalf of all others similarly situated v. INFORMATION RESOURCES, INC.*, Case No. 3:17-cv-04559-JST (referred to as "the Action"), and all claims based on or reasonably related thereto, with respect to the total of 129 individuals who are current or former employees covered by this settlement, as detailed below. This Agreement is intended to fully and finally compromise, resolve, discharge, and settle the claims as defined and based on the terms set forth below, to the full extent reflected herein, subject to the approval of the Court.

## 1.      RECITALS

1.1.     WHEREAS, Plaintiff filed her Complaint on October 13, 2017 in the United States District Court, Northern District of California (ECF No. 1) asserting claims for:  (1) Failure to Pay Overtime under Fair Labor Standards Act, 29 U.S.C. § 207; (2) Failure to Pay Overtime under Cal. Labor Code §§ 510, 1194, and IWC Wage Orders; (3) Failure to Provide and/or Authorize Meal and Rest Periods under Cal. Labor Code §§ 226.7, 512, and IWC Wage Orders; (4) Failure to Provide Accurate Itemized Wage Statements under Cal. Labor Code § 226; (5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties under Cal. Labor Code §§ 201-204; (6) Failure to Reimburse Business Expenses under Cal. Labor Code § 2802; and (7) Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200, *et seq.*

1.2.     WHEREAS, Plaintiff filed a First Amended Complaint on October 13, 2017 (ECF No. 13), adding an additional claim for Civil Penalties Pursuant to the Private Attorneys General Act of 2004, Cal. Labor Code § 2698, *et seq.*  As Exhibit B to the First Amended Complaint, Plaintiff provided a notice letter dated August 9, 2017 to the LWDA regarding her intention to commence an action under the Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), and the LWDA.

1.3.    WHEREAS, on April 23, 2018, the parties completed their first mediation with Jeffrey Ross, Esq., but the matter remained unresolved.

1.4.    WHEREAS, on May 31, 2018, Plaintiff filed a Motion for Conditional Certification under the Fair Labor Standards Act.  (ECF No. 50.)  On June 14, 2018, Defendant filed its Opposition.

1.5.    WHEREAS, on July 26, 2018, the Court issued an Order Granting in Part and Denying in Part Motion for Conditional Certification Under the Fair Labor Standards Act.  (ECF No. 61.)  The Court allowed conditional certification to proceed and set forth the parameters for notice to putative collective class members.

1.6.    WHEREAS, the parties engaged in written discovery and depositions and agreed to schedule another mediation.

1.7    WHEREAS, to that end, the parties conducted a second mediation with Jeffrey Ross, Esq. on March 6, 2019.

1.8    WHEREAS, following a second full day of mediation on March 6, 2019, the Parties reached a preliminary agreement and continued negotiating to the present (approximately three months later), notifying the Court of an agreement in principle on May 13, 2019, and have finally reached this Agreement.

1.9    WHEREAS, on June 28, 2019, Plaintiff filed a motion for preliminary approval of the settlement.  (ECF No. 108.)

1.10    WHEREAS, on January 30, 2020, the Court denied without prejudice Plaintiff's motion for preliminary approval of the settlement, citing specific concerns to be addressed.  (ECF No. 119.)

1.10    WHEREAS, the instant, Amended Settlement represents the Parties' effort to address all of the Court's concerns.

1.11    WHEREAS, this settlement will affect a total number of 129 individuals.  There are 77 California Class Members, which is defined below, includes individuals releasing their California Class Claims and not FLSA Collective Claims.  There are 46 FLSA Collective Action Members, which is defined below, includes individuals who are releasing their FLSA Collective

Claims and not California Class Claims.  There are 6 Hybrid Members, which is defined below, includes individuals releasing both their California Class Claims for the time they worked in California and FLSA Collective Claims.  The Parties' agreement is premised on the understanding that there are 129 individuals who are participating in this Settlement.

## 2.      DEFINITIONS

Unless otherwise defined herein, capitalized terms used in this Agreement shall have the meanings set forth below.

2.1.    "California Class Claims" means all claims for wages, reimbursements and related penalties actually alleged or that could have been alleged in the Action by Plaintiff, on behalf of herself and the California Class Members, that arise out of the allegations alleged in the operative First Amended Complaint, including but not limited to: (1) Failure to Pay All Wages; (2) Failure to Pay Overtime under Cal. Labor Code §§ 510, 1194, and IWC Wage Orders; (3) Failure to Provide and/or Authorize Meal and Rest Periods under Cal. Labor Code §§ 226.7, 512, and IWC Wage Orders; (4) Failure to Provide Accurate Itemized Wage Statements under Cal. Labor Code § 226; (5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties under Cal. Labor Code §§ 201-204; (6) Failure to Reimburse Business Expenses under Cal. Labor Code § 2802; and (7) Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200, *et seq*.; (8) penalties pursuant to the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699, *et seq*.; and (9) attorneys' fees and costs of litigation associated with this Action.  The California Class Claims do not encompass the FLSA Collective Claims and do not release any claims under the FLSA.

2.2.    "California Class Members" means all individuals employed by Defendant within the state of California at any time from **August 9, 2013,** through **May 30, 2019**, and who have been employed by Defendant as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts, and Client Insights Consultants.  The California Class Members did not opt into the FLSA as collective action members and are not releasing FLSA Collective Claims. The California Class Members are only releasing their California Claims as a result of this

settlement.  The total number of California Class Members is 77 individuals.  Attached hereto as **Exhibit 1** (and filed under seal to protect the privacy of the individuals) is a list of the California Class Members gathered by Defendant by examining its human resources and payroll systems.

2.3.    "California Settlement Class Members" means all California Class Members who do not opt out of this Settlement.

2.4.    "California Settlement Class Members' Released Claims" means the California Class Claims that California Settlement Class Members are fully and irrevocably releasing in exchange for the consideration provided by this Settlement Agreement.

2.5.    "Class Counsel" means Bryan Schwartz Law.

2.6.    "Class Counsel Award" means the attorneys' fees and costs awarded by the Court to Class Counsel to fully satisfy all claims for attorneys' fees and costs incurred by Plaintiff's counsel to litigate and settle this Action under both California and federal law. In connection with requesting final approval of the Settlement, including the Class Counsel Award, Plaintiff's counsel will request, and Defendant and its counsel will not oppose, an award of attorneys' fees of up to twenty-five percent (25%) of the Gross Settlement Amount, which is equal to $562,500.00, plus reasonable and actual costs up to $25,000.00.

2.7.    "Class Information" means information regarding the California Class Members, FLSA Collective Members, and Hybrid Members that Defendant will in good faith compile from their records and provide to the Settlement Administrator. Class Information shall be provided in a Microsoft Excel spreadsheet.  Defendant shall provide, if possible, for each California Class Member, FLSA Collective Member, and Hybrid Member:  (1) full name, (2) last known address, (3) social security number, (4) last known personal email address, if readily available, in IRI's human resources information system, (5) state or district in which they worked during the relevant time periods as a Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or a similar, non-management position, including Client Insights Analyst or Client Insights Consultant, and (6) the start date and end date of employment in each state they worked during the relevant time period as a Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or a similar, non-management position,

including Client Insights Analyst or Client Insights Consultant.  Plaintiff shall provide to the Claims Administrator, for each FLSA Collective Member and Hybrid Member, the date on the "Consent to Joint Collective Action Under the Fair Labor Standards Act," received by March 6, 2019 (the date of the second mediation in this matter).  Because California Class Members', FLSA Collective Members', and Hybrid Members' private information is included in the Class Information, the Settlement Administrator shall maintain the Class Information in confidence, shall limit access to the information to only those employees of the Settlement Administrator with a need to use the Class Information as part of the administration of the Settlement, and shall use and disclose Class Information only for purposes of this Settlement and for no other purpose.

2.8.    "Class Notice" means the notice of class, collective and representative action settlement to be provided to California Class Members, FLSA Collective Members, and Hybrid Members, which shall be substantially in the form of the Class Notices attached hereto as **Exhibit A** (California Class Members Only)), **Exhibit B** (FLSA Collective Members Only Notice), and **Exhibit C** (Hybrid Members Only Notice).

2.9.    "Complete and General Release" means an irrevocable and unconditional release given only by Plaintiff, releasing Defendant and the Released Parties from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, arising from conduct occurring on or before the date Plaintiff signs this Settlement Agreement, including but not limited to a release of any and all rights Plaintiff has to sue or bring any type of claim under (a) California state law; (b) the laws of other states; (c) the Fair Labor Standards Act; (d) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., (e) the Age Discrimination in Employment Act of 1967, (f) the Civil Rights Act of 1991, (g) the Civil Rights Act of 1866 and 1870, (h) 42 U.S.C. § 1981, as amended, (i) Executive Order 11246, (j) the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.*, as amended, (k) the Family and Medical Leave Act, as amended, (l) the Equal Pay Act of 1963, as amended, (m) the Immigration and Reform Control Act, as amended, (n) the Occupational Safety and Health Act, as amended, (o) the Sarbanes-Oxley Act of 2002, as amended, (p) the Employment

Retirement Income Security Act of 1974, as amended (except vested benefits), (q) the Worker Adjustment and Benefit Protection Act of 1990, as amended, (r) the Worker Adjustment and Retraining Notification Act, as amended, (s) any federal, state or common law claim or cause of action based on any alleged failure to pay wages, breach of contract, wrongful discharge, constructive discharge, retaliation, defamation, slander, liable, intentional or negligent infliction of emotional distress, misrepresentation, fraud, promissory estoppel, (t) any other tort or negligence claim or obligations arising out of any of Defendant's employment policies or practices, employee handbooks, or any statements by any employee or agent of Defendant whether oral or written; and (u) for reinstatement, back pay, bonus, attorneys' fees, compensatory damages, costs, front pay, any form of equitable or declaratory relief, liquidated damages, emotional distress, personal injury, punitive damages, pain and suffering, medical expenses, damage to reputation, damage for personal, emotional or economic injury or damage of any kind. This provision is intended by the Parties to be all-encompassing and to act as a full and total release of any claim, whether specifically enumerated herein or not, that Plaintiff might have or have had, that exists or ever has existed on or prior to the date this Settlement Agreement is signed. This release includes a 1542 Waiver. The Parties understand and agree that the word "claims" includes all actions, group actions (including any pending or future collective, class, private attorney general or representative actions for which Plaintiff may otherwise qualify as a putative class member or represented party), complaints and grievances that could potentially be brought by Plaintiff against the Released Parties.

2.10.   "Court" means the United States District Court for the Northern District of California.

2.11.   "Effective Date" means the date by which this Settlement is finally approved as provided herein and the Court's Final Approval Order and Judgment becomes binding. In the event there are no timely-filed objections (as described in section 2.12, below), then the Settlement Agreement becomes final and binding upon the date of entry of the Court' Order granting final approval and Judgment. In the event there are any objectors, then the effective date is: (1) the day after the last day by which a notice of appeal to the Ninth Circuit Court of Appeal of the Final Approval Order or of an order rejecting any motion to intervene may be timely filed, and none is

filed; or (2) if such an appeal is filed, and the final approval order is affirmed, the day after the last date for filing a request for further review of the Ninth Circuit's decision passes and no further review is requested; (3) if an appeal is filed and further review of the Ninth Circuit's decision affirming the final approval order is requested, the day after the request for review is denied with prejudice or no further review of the decision can be requested, or (4) if review is accepted, the day after the United States Supreme Court affirms the Settlement.

2.12.   "Exclusion/Objection Deadline" means the final date by which a Settlement Class Member may either (i) request to be excluded from the Settlement, or (ii) object to the Settlement. The Exclusion/Objection Deadline shall be forty-five (45) days after the Mailed Notice Date, and shall be specifically identified and set forth in the Preliminary Approval Order and the Class Notice.

2.13.   "Final Approval Order and Judgment" means the Court's entry of an order finally approving this Settlement, materially similar to a draft order agreed upon by the parties' counsel prior to the filing of the motion for final approval.

2.14.   "Final Approval Hearing" means the hearing at or after which the Court will make a final decision as to whether the Settlement is fair, reasonable, and adequate, and therefore, is finally approved by the Court.

2.15.   "FLSA Collective Claims" means all federal claims for wages, benefits and related penalties actually alleged or that could have been alleged in the Action by Plaintiff, on behalf of herself and the FLSA Collective Members, based on the facts as alleged in the operative First Amended Complaint, (1) namely, failure to pay all minimum and overtime wages due under the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) and (2) attorneys' fees and costs of litigation incurred to litigate and resolve this Action.  The FLSA Collective Claims do not encompass the California Class Claims, and the California Class Claims do not encompass the FLSA Collective Claims.

2.16.   "FLSA Collective Members" means all individuals who were employed by Defendant within the United States but outside of California, as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts, and Client Insights Consultants and who

opted into this matter prior to March 6, 2019, the date of the second mediation in this case.  The FLSA Collective Members are only releasing FLSA Collective Claims.  Plaintiff has contended that Defendant is liable under the FLSA for failing to properly compensate Plaintiff and FLSA Collective members for all overtime hours worked due to allegedly misclassifying the employees as exempt from overtime.  The total number of FLSA Collective Members is 46 individuals.  Attached hereto as **Exhibit 2** is a list of the FLSA Collective Members who gathered by Defendant by examining its HRIS and payroll systems.

2.17    "FLSA Settlement Collective Members" means all FLSA Collective Members listed on **Exhibit 2** who do not withdraw their consent-to-join during the settlement notice period.

2.18.   "FLSA Settlement Collective Members' Released Claims" means the FLSA Collective Claims that the FLSA Settlement Collective Members are fully and irrevocably releasing in exchange for the consideration provided by this Settlement Agreement, whether arising at law, in contract or in equity, and whether for economic or non-economic damages, restitution, injunctive relief, penalties or liquidated damages from three years before each **FLSA Collective Members Opt-In date** through the **date of the Preliminary Approval Order**.

2.19    "Hybrid Settlement Members" means all individuals who are both California Class Members and FLSA Collective Members.    The Hybrid Settlement Members are releasing California Class Claims for the period they were employed in California and are also releasing FLSA Collective Claims.  The total number of Hybrid Members is 6 individuals.  Attached hereto as **Exhibit 3** is a list of the Hybrid Members gathered by Defendant by examining its HRIS and payroll systems.

2.20    "Hybrid Settlement Member" means all Hybrid Members listed in **Exhibit 3** who do not withdraw their consent to join or seek to opt out during the settlement notice period.

2.21    "Hybrid Settlement Members' Released Claims" means the (1) California Class Claims that the Hybrid Members are fully and irrevocably releasing in exchange for the consideration provided by this Settlement Agreement, whether arising at law, in contract or in equity, and whether for economic or non-economic damages, restitution, injunctive relief, penalties or liquidated damages from **August 9, 2013,** through **May 30, 2019**, and (2) the FLSA Collective

Claims that the FLSA Settlement Collective Members are fully and irrevocably releasing in exchange for the consideration provided by this Settlement Agreement from three years before each FLSA Collective Members Opt-In Date through the date of the Preliminary Approval Order.

2.22.   "Individual California Class Settlement Payment" means the amount payable from the Total Settlement Amount to each California Settlement Class Member who does not opt out of this Agreement.

2.23.   "Individual Collective Action Settlement Payment" means the amount payable from the Total Settlement Amount to each FLSA Settlement Collective Member who does not timely withdraw his/her consent form during the settlement notice period, and thereby participates in this Agreement.

2.24.   "Individual Hybrid Settlement Payment" means the amount payable from the Total Settlement Amount to each Hybrid Settlement Member who does not timely withdraw his/her consent form or seek to opt out during the settlement notice period, and thereby participates in this Agreement.

2.25.   "Judgment" means the judgment to be entered in the Action on Final Approval of this Settlement.

2.26.   "Mailed Notice Date" means the date of the initial mailing of the Class Notice to California Class Members and FLSA Collective Members.

2.27.   a. "Net Distribution Fund" (which is the same as the "Net Settlement Amount") means the Total Settlement Amount of $2,250,000.00 less the amount that the Court awards for: the Service Awards; the Class Counsel Award; the Settlement Administrator Expenses; and the PAGA Payment. This amount is estimated to be $1,615,625 (*i.e.,* The Total Settlement Amount of $2,250,000.00 minus the proposed Service Award ($15,000), the proposed Class Counsel Award for attorneys' fees (up to $562,500.00) and costs (up to $25,000), the anticipated Settlement Administration Costs (up to $15,000) and the LWDA's portion of the PAGA Payment ($16,875). This estimated number will increase with the addition of any unawarded portions of the above requested allocations, which will be added back into the Net Distribution Fund.

b. "Net Recovery" as to any FLSA Settlement Collective Member, California

Settlement Class Member, or Hybrid Settlement Member is the actual amount he/she will recover from the Net Distribution Fund, *pro rata*, after all deductions contemplated in the preceding paragraph.

2.28.   "PAGA Payment" means a total payment of $22,500 to settle all claims under PAGA. From this amount, 75% ($16,875) will be paid to the Labor and Workforce Development Agency ("LWDA") and 25% ($5,625) will be distributed to California Settlement Class Members. The PAGA payment shall be payable from the Total Settlement Amount.

2.29.   "Plaintiff" means Iram Bakhtiar.

2.30.   "Preliminary Approval Order" means the order granting preliminary approval of this Settlement Agreement, which Plaintiff's counsel will file in support of the motion for preliminary approval.

2.31.   "Released Parties" means (i) INFORMATION RESOURCES, INC. and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, and (ii) the past, present, and future shareholders, officers, directors, members, investors, agents, employees, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities listed in (i).

2.32.   "Service Award" means the amount approved by the Court to be paid to Plaintiff, in addition to her Individual California Class Settlement Payment. The Service Award payable to Plaintiff shall not exceed $15,000, and shall be payable from the Total Settlement Amount.

2.33.   "Settlement," "Settlement Agreement," "Amended Settlement," and "Agreement" mean the settlement of this Action between and among Plaintiff and IRI, as set forth in this document.

2.34.   "Settlement Administrator" means Rust Consulting.

2.35.   "Settlement Administrator Expenses" means the maximum amount to be paid to the Settlement Administrator, which shall not exceed $15,000. All Settlement Administrator Expenses are to be paid exclusively from the Total Settlement Amount.

2.36.   a. "Total Settlement Amount" (which is the same as the "Gross Settlement

Amount") means two million two hundred and fifty thousand dollars ($2,250,000), which is the maximum amount that Defendant is obligated to pay under this Settlement Agreement under any circumstances in order to resolve and settle this Action, subject to Court approval, except that the Total Settlement Amount does not include employer-side payroll and employment taxes for wage payments under this Agreement, which Defendant agrees to pay separately. The Total Settlement Amount covers the Class Counsel Award, the Service Awards, the Settlement Administrator Expenses, the Individual California Class and Collective Action Settlement Payments, all related interest, and all employee-side payroll and employment taxes, and all tax expenses. This Total Settlement Amount is designed to compensate the individuals listed on **Exhibit 1, Exhibit 2,** and **Exhibit 3**.

b. "Gross Recovery" as to any California Settlement Class Member, FLSA Settlement Collective Member, or Hybrid Settlement Member is the amount he/she would recover from the Total Settlement Amount, prior to any deductions described in the Net Distribution Fund definition.

2.37. "Expiration Date" means the date by which any checks issued to California Settlement Class Members or FLSA Settlement Collective Members or Hybrid Settlement Members shall become void, i.e. on the 90th day after mailing.

2.38. "Void" as it relates to this Settlement means that Defendant has exercised its power to void the Settlement under paragraph 7.3 of this Agreement.

2.39. "1542 Waiver" means a waiver of the rights conferred by California Civil Code Section 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

## 3.    CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

3.1    Certification Of Classes And Claims: Solely for the purposes of this Settlement, the Parties stipulate and agree that the Court may certify (i) subclasses comprised of the California Settlement Class Members, FLSA Settlement Collective Members (already conditionally certified),

and Hybrid Settlement Members; and (ii) claims comprised of the California Settlement Class Members' Released Claims, FLSA Settlement Collective Members' Released Claims, and Hybrid Settlement Members' Released Claims.

3.2    Appointment Of Class Representative. Solely for the purposes of this Settlement, the Parties stipulate and agree Plaintiff shall be appointed as representative of the California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members.

3.3    Appointment Of Class Counsel. Solely for the purposes of this Settlement, the Parties stipulate and agree that Class Counsel shall be appointed as counsel for the California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members.

3.4    Appointment Of Settlement Administrator. Solely for the purposes of this Settlement, the Parties stipulate and agree that Rust Consulting shall be appointed to serve as Settlement Administrator. The Settlement Administrator shall be responsible for establishing: a toll-free telephone number through which California Class Members, FLSA Collective Members, and Hybrid Members may make inquiries about the Settlement; preparing, printing and mailing the Notice of Settlement; receiving and reviewing requests for exclusion and objections, if any, submitted by California Class Members, FLSA Collective Members, and Hybrid Members; calculating Individual California Class,  Collective Action, and Hybrid Settlement Payments; calculating and paying any and all payroll tax or other required withholdings from the wage portion of the Individual Settlement Payments as required under this Settlement Agreement and applicable law; providing weekly status reports to IRI's Counsel and Class Counsel; providing a due diligence declaration for the Court prior to the Final Approval Hearing; mailing Individual California Class, Collective Action, and Hybrid Settlement Payments, the Service Awards, the Class Counsel Award and 75% of the PAGA Payment to the California Labor & Workforce Development Agency; printing and providing Plaintiff, Class Counsel, California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members with IRS Forms W-2 or 1099 as required under this Settlement Agreement and applicable law; providing a due diligence declaration

for submission to the Court upon the completion of the Settlement; and for such other tasks as the Parties mutually agree. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize Settlement Administration Expenses. The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

3.5     Conditional Nature of Stipulation for Certification. Solely for the purposes of this Settlement, the Parties stipulate and agree to the certification of the California Settlement Class Members and Hybrid Settlement Class Members and their California Class Claims.  The Court has already conditionally certified the FLSA claims of the FLSA Settlement Collective Members and Hybrid Settlement Members, and the Parties stipulate and agree to certification of the FLSA Settlement Collective Members and Hybrid Settlement Members solely for the purposes of this Settlement.  Should for whatever reason the Settlement not become effective, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether the California Class Members or the California Settlement Class Members' Released Claims, the FLSA Collective Members or the FLSA Settlement Collective Members' Released Claims, and the Hybrid Members or the Hybrid Settlement Members' Released Claims should be certified in a non-Settlement context in this Action or in any other lawsuit. Defendant expressly reserves its right to oppose claim or class certification in this or any other action should this Settlement not become effective.

3.6     The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval hearing to be conducted by the Court.

3.7     The Settlement is not intended to and may not be deemed to affect the enforceability of any arbitration agreement between Defendant and Plaintiff or between Defendant and any California Class Member or FLSA Collective Member.

**4.     SETTLEMENT CONSIDERATION AND REMEDIATION**

4.1     IRI's total monetary obligation under this Settlement is the Total Settlement Amount

($2,250,000). This is an "all in" number that includes, without limitation, all monetary benefits and payments for the California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members, the Service Award, the Class Counsel Award, the Settlement Administrator Expenses and the PAGA Payment, and all other claims for interest, fees, and costs. Under no circumstances shall IRI be required to pay anything more than the Total Settlement Amount, except that IRI will separately pay the employer payroll and employment taxes due for the wages payments made under this Agreement. In no event shall IRI be liable for making any payments under this Settlement, or for providing any relief to the California Settlement Class Members, FLSA Settlement Collective Members, or Hybrid Settlement Members, before the Effective Date of this Agreement. Defendant shall not receive a reversion of any portion of the Total Settlement Amount, unless the Settlement is Void, in its entirety, by Defendant's action as described herein.

4.2     Plaintiff agrees not to pursue a Service Award in excess of $15,000. IRI agrees not to oppose Plaintiff's application for such Service Award. Any Service Award awarded by the Court shall be paid from the Total Settlement Amount. If the Court awards less than the full Service Award, then the unawarded funds shall become part of the Net Distribution Fund.

4.3     Plaintiff and Class Counsel agree not to seek a Class Counsel Award from the Court that includes greater than twenty five percent (25%) of the Total Settlement Amount ($562,500.00) for attorneys' fees and twenty-five thousand dollars ($25,000) for Class Counsel's costs and expenses. IRI agrees not to oppose a request for the Class Counsel Award under these terms. Any Class Counsel Award awarded by the Court shall be paid from the Total Settlement Amount. If the Court awards fees or costs in an amount less than the Class Counsel Award, the unawarded portions will become part of the Net Distribution Fund.

4.4     Plaintiff agrees to seek a PAGA Payment of $22,500. 75% of the PAGA Payment ($16,875) will be paid to the Labor and Workforce Development Agency, and the remaining 25% ($5,625) will be paid to California Settlement Class Members. IRI agrees not to oppose Plaintiff's request for this PAGA Award of $22,500 or to oppose the 75%/25% allocation of the PAGA Payment. The PAGA Payment will be paid from the Total Settlement Amount. If the Court awards

less than the requested PAGA Payment, the unawarded funds will become part of the Net Distribution Fund. If the Court increases the PAGA Payment, the increased amount will be allocated from the Net Distribution Fund.

      4.5    The Settlement Administrator agrees its expenses to administer the Settlement shall not exceed $15,000. The Settlement Administration Expenses will be paid from the Total Settlement Amount. Any Settlement Administration Expenses not actually incurred by the Settlement Administrator will become part of the Net Distribution Fund.

      4.6    The Net Distribution Fund will be allocated to participating California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members based upon a proportional, workweek basis, with a multiplier of 1.75x applied to workweeks of the California Settlement Class Members to account for the additional causes of action and remedies available to and released by wage claimants in California, and a multiplier of 2.0x applied to workweeks of the Hybrid Settlement Members who have both California claims and opted-into the FLSA collective action. California Settlement Class Members' workweeks times 1.75, plus Hybrid Settlement Members' workweeks times 2.0, plus FLSA Settlement Collective Members' workweeks, will be divided into the Net Distribution Fund, to ascertain a per-workweek recovery amount for the *pro rata* allocation. Then the Settlement Administrator will assign each individual listed in **Exhibit 1, Exhibit 2,** and **Exhibit 3** a precise minimum allocation based upon his/her workweeks, with the California or hybrid multiplier as applicable.

      4.7    The Settlement Administrator will calculate the Individual California and Collective Action Settlement Payments based on the Class Information provided to the Settlement Administrator by IRI.  The Settlement Administrator shall allocate one-third (1/3) of each Individual California Settlement Payment to wages, one-third (1/3) of each Individual California Settlement Payment to penalties, and one-third (1/3) of each Individual California Settlement Payment to interest. The Individual Collective Action Settlement Payments the Settlement Administrator will pay to the FLSA Settlement Collective Members will be allocated fifty percent (50%) to wages and fifty percent (50%) to liquidated damages.  The Individual Collective Action Settlement Payments the Settlement Administrator will pay to the Hybrid Collective Members will

be allocated allocate one-third (1/3) of each Individual Hybrid Settlement Payment to wages, one-third (1/3) of each Individual Hybrid Settlement Payment to penalties, and one-third (1/3) of each Individual Hybrid Settlement Payment to interest.

4.8     Settlement Class Members are not eligible to receive any compensation other than the Individual California and Collective Action Settlement Payments discussed above. If Settlement Class Members wish to challenge or otherwise dispute the dates of employment and total workweeks on their Notice, they must provide notice to the Settlement Administrator addressing the grounds for the dispute that is postmarked before the Exclusion/Objection Deadline. Any such Settlement Class Member must also submit any documentation supporting his or her contentions as to why IRI's records are incorrect.  In the absence of any such evidence, IRI's records will be controlling.  The Settlement Administrator shall have final authority to resolve any disputes regarding proportional share of settlement funds, including but not limited to, disputes concerning employment dates and workweeks.  If any employment dates or workweeks are adjusted after any submission, then the Settlement Class Member will be notified by the Settlement Administrator.

4.9     Amounts paid to Plaintiff, California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members pursuant to this Settlement Agreement do not count as earnings or compensation for purposes of any benefits (*e.g.,* 401(k) plans or retirement plans) sponsored by Defendant or the Released Parties.

4.10     In exchange for the consideration provided by Defendant, Plaintiff, individually and on behalf of her heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through him or acting or purporting to act on her behalf, agrees to provide a Complete and General Release to the Released Parties. Plaintiff's Complete and General Release shall be subject to a 1542 Waiver.

4.11     In exchange for the consideration provided by Defendant, the California Settlement Class Members and Hybrid Settlement Members, individually and on behalf of their heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming though them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties for the

California Settlement Class Members' Released Claims.

4.12    In exchange for the consideration provided by Defendant, the FLSA Settlement Collective Members, individually and on behalf of their heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties for the FLSA Settlement Collective Members' Released Claims.

4.13    In exchange for its consideration provided by Defendant, the Hybrid Settlement Collective Members, individually and on behalf of their heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties for the Hybrid Settlement Members' Released Claims.

4.14    As of the Effective Date, Plaintiff, the California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members shall be permanently barred and enjoined, by operation of the entered Final Judgment, from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all claims released under this Settlement.

4.15    In further consideration for this Agreement, IRI will agree to review the job responsibilities of persons currently in the following job classifications:

•    Client Service, Analyst; Levels 1, 2, and 3;

•    Client Service, Consultant, Level 1;

•    Client Insights, Analyst, Levels 1, 2, and 3; and

•    Client Insights, Consultant, Level 1.

IRI has created a new job title "Data Coordinator" for the Client Service and Client Insights employees that have been reclassified as nonexempt or will be hired as nonexempt.  Defendant retains the discretion to change the job title of the nonexempt position.  Defendant further retains the discretion to set the hourly pay of any Analyst or Consultant reclassified as nonexempt.

After the parties fully execute this Agreement, Defendant will immediately begin to analyze the job responsibilities of persons employed in all of the job classifications listed above (including all Analysts regardless of Level).  Based on that analysis, Defendant will either (1) classify those employees as non-exempt and assign them a job title of Client Service Data Coordinator, or Client Insights Data Coordinator, (2) modify the job duties performed by those employees so that they remain exempt employees and assign them a job title other than that of Client Service Data Coordinator or Client Insights Data Coordinator; or (3) determine that the employees are correctly classified.  When newly hired or reassigned employees are placed as Analysts or Consultants, Defendant will determine whether at the time of hire or reassignment those employees should be classified as a nonexempt Client Service Data Coordinator or Client Insights Data Coordinator, or assigned a different, exempt classification.

Defendant agrees that, no later than fourteen (14) days before Final Approval, it shall provide to Class Counsel a status report that includes a list of those current employees (listed only by unique identification number) that are in the four job Classifications listed above, and for each person explain whether he or she has been reclassified as non-exempt or has remained in or been reassigned to an exempt position.  If and to the extent that any incumbent employee in any of the four Classifications listed above has not been examined, the status report will set forth a schedule for that examination.  For a period of two years after entry of Final Judgment, Defendant will provide Class Counsel with four updated reports, six months, twelve months, 18 months and 24 month after Final Approval.

Within the 24-month period after Final Approval if the nomenclature of the job Classifications at issue changes, the parties will agree that IRI will review the exempt status of the employees in substantially similar positions.

## 5.    PROCEDURE FOR REQUESTING PRELIMINARY APPROVAL OF THE SETTLEMENT

5.1    Upon execution of this Amended Settlement Agreement, Plaintiff will submit an unopposed motion for preliminary approval of the Amended Settlement to the Court. Plaintiff's renewed motion for preliminary approval will ask the Court to enter a Preliminary Approval Order

conditionally certifying the claims in this Action and appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel.

5.2     Plaintiff will serve a notice of settlement on the California Labor and Workforce Development Agency at the same time counsel files a motion for preliminary approval.

5.3     The Parties stipulate to the form of, and agree to submit to the Court for its consideration, this Settlement Agreement and the proposed Class Notices at **Exhibits A, B**, and **C** to this Settlement Agreement.

5.4     Defendant certifies that it has already served notice of settlement on the U.S. and applicable state attorney generals within 10 days after Plaintiff June 28, 2019 motion for preliminary approval of the settlement.  (ECF No. 108.)

5.5     The proposed Preliminary Approval Order shall:

- Maintain the certification of the FLSA Collective Class Members and the FLSA Collective Claims, and conditionally certify the California Class and the California Class Claims and the Hybrid Class and Hybrid Claims;

- Conditionally appoint Plaintiff and Class Counsel as representatives of the proposed California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members;

- Appoint Rust Consulting as the Settlement Administrator, and order the Settlement Administrator to provide notice of the settlement as outlined below;

- Confirm the procedure for distributing the Class Notice (discussed below); and

- Order that the preliminary approval of the Settlement, certification of the California Settlement Class Members and the California Class Claims, and the FLSA Settlement Collective Members and the FLSA Collective Claims, and the Hybrid Settlement Members and the Hybrid Claims, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in material part by the Court, or any appellate court or other court of review in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or

construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

5.6     The motion for preliminary approval shall request: that the Final Approval Hearing and any determination on the request for a Class Counsel Award and Service Awards be set no earlier than thirty-five (35) days after the Exclusion/Objection deadline; that Plaintiff be permitted to file her motion for final approval no later than thirty-five (35) days before the Final Approval Hearing; that any opposition briefs on such motions and petitions, or statements of non-opposition, be filed fourteen (14) days before the Final Approval Hearing; and that any reply briefs on such motions and petitions be filed seven (7) days before the Final Approval Hearing. IRI does not intend to file an opposition, and reserves the right to file a statement of non-opposition.

5.7     At the same time that Plaintiff files her renewed motion for preliminary approval, Class Counsel will notify the LWDA that the Parties have filed a renewed motion for preliminary approval of the settlement of a PAGA claim, and will provide a copy of the Amended Settlement Agreement.

**6.     PROCEDURE FOR PROVIDING NOTICE OF SETTLEMENT**

6.1     No more than ten (10) calendar days after entry of the Preliminary Approval Order, Class Counsel and Defendant will provide the Settlement Administrator with the Class Information for purposes of sending the Class Notice to California Class Members, FLSA Collective Members, and Hybrid Members.

6.2     No more than twenty (20) days after entry of the Preliminary Approval Order (i.e., the Mailed Notice Date), the Settlement Administrator will send the Class Notice to California Class Members, FLSA Collective Members, and Hybrid Members via first-class mail and email and text message to those for whom email and cell phone numbers are available in Defendant's human resources database.

6.3     The  Class Notice will inform California Class Members that unless they file a request to be excluded from the Settlement: they will become California Settlement Class Members; they will receive Individual California Class Settlement Payments under the Agreement;

1   they will be bound by the release of California Settlement Class Members' Released Claims.

2           6.4     The Class Notice will inform FLSA Settlement Collective Members that unless they

3   file a request to be excluded from the Settlement or withdraw their consent-to-join forms, they will

4   be bound by the terms of this Agreement, having opted into this action, including the release of

5   FLSA Settlement Collective Members' Released Claims.

6           6.5     The Class Notice will inform Hybrid Members that unless they file a request to be

7   excluded from the Settlement, or withdraw their consent-to-join forms, they will be bound by the

8   terms of the Agreement, having opted into this action, including the release of Hybrid Settlement

9   Members' Released Claims.

10          6.6     The Class Notice will inform California Class Members of their right to request

11  exclusion from the settlement and the procedures for doing so, FLSA Collective Settlement

12  Members of their right to withdraw their consent-to-join, and the procedure for doing so, and the

13  Hybrid Settlement Members of their right to request exclusion from or to withdraw their consent-

14  to-join from the settlement, and the procedures for doing so.

15          6.7     The Class Notice will inform California Class Members and Hybrid Class Members

16  of their right to object to the Settlement and the procedure for doing so.

17          6.8     The Class Notice shall include a statement as to the start date and end date

18  attributable to each California Class Member,  FLSA Collective Member, and Hybrid Member

19  within the class period (*i.e.,* based upon the settlement time period and opt-in date for FLSA

20  Collective Members), as well as explanation for how the workweeks will be used to calculate the

21  settlement allocations, and the estimated minimum allocation for each participant.  If Settlement

22  Class Members wish to challenge or otherwise dispute their dates of employment and location or

23  total workweeks, they must provide notice to the Settlement Administrator addressing the grounds

24  for the dispute that is postmarked before the Exclusion/Objection Deadline, as further above. The

25  Class Notice shall inform California Class Members, FLSA Collective Members, and Hybrid

26  Members of their burden to demonstrate through appropriate employment documentation if they

27  feel that the workweek calculation is incorrect. Such documentation may include, without

28  limitation, time slips, pay slips, offer letters, termination notices, performance evaluations or

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

reviews, signed employment policies or handbooks, work communications such as time-stamped emails, and other documentation.

6.9     The Class Notice will be sent to the California Class Members, FLSA Collective Members, and Hybrid Members via mail and email and text message to those for whom email and cell phone numbers are available in Defendant's human resources database.  Prior to mailing the Class Notices, the Settlement Administrator will consult the United States Postal Service's National Change of Address Database to review the accuracy of Class Members' mailing addresses and, if possible, update Class Members' mailing addresses. If any Class Notice mailed to any California Class Member, FLSA Collective Member, or Hybrid Member is returned, the Settlement Administrator shall make a good-faith attempt to obtain the most-current postal mail addresses for those individuals, including cross-checking the postal mail addresses it received from IRI with other appropriate databases (e.g., the National Change of Address Database) and performing further reasonable searches (e.g., through LexisNexis) for more-current postal mail addresses for those individuals. All California Class Members', FLSA Collective Members', and Hybrid Members' postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement. The address determined by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each California Class Members, FLSA Collective Members, and Hybrid Members. The Settlement Administrator shall promptly re-mail the Class Notice to any California Class Member, FLSA Settlement Collective Member, or Hybrid Settlement Member whose original notice was returned because of a wrong address.

6.10    If any Class Notice to a California Class Member, FLSA Settlement collective Member, or Hybrid Settlement Member is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator will forward the postal mailing to that address.

6.11    In the event that any Class Notice is returned as undeliverable a second time, no further postal mailing shall be required. The Settlement Administrator shall maintain a log detailing the instances Class Notices are returned as undeliverable, re-mailed, and when applicable, returned again.  However, if a mailing address cannot be found, the Settlement Administrator will email and

text message a Class Notice to the most recent known email address or phone number, if available in Defendant's human resources system.

6.12    The Settlement Administrator will send a reminder postcard to any California Class Member or FLSA Settlement Collective Member who has not cashed his/her settlement check within 30 days after the check was mailed.

6.13    Class        Counsel        will        maintain        a        webpage (www.bryanschwartzlaw.com/irisettlement), which will have a brief neutral description of the action along with links to the current Complaint, Notice of Settlement, the Settlement Agreement, and motions for the Class Counsel Award and the Service Awards and for final approval; and a telephone number, email address and Post Office Box for receipt of California Class Members', FLSA Collective Members', and Hybrid Members' communications.

6.14    Defendant will participate in a dispute procedure with Class Counsel to resolve any disputes raised by California Class Members, FLSA Settlement Collective Members, or Hybrid Members' based upon the workweeks or other core assumptions used for their respective settlement allocations. The Settlement Administrator shall have final authority to resolve any disputes regarding proportional share of settlement funds, including but not limited to, disputes concerning employment dates and workweeks.

6.15    The Parties agree that the procedures set forth in this Section comply with the due process requirements of Federal Rule of Civil Procedure 23, constitute reasonable and the best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for California Class Members, FLSA Collective Members, and Hybrid Members such that no additional efforts to do so shall be required. Any California Class Members, FLSA Collective Members , and Hybrid Members who fail to receive the Notice of Settlement after these procedures have been followed will nonetheless be bound by this Settlement.

6.16    At least seven (7) days before the Final Approval Motion filing deadline, the Settlement Administrator shall provide a declaration of due diligence confirming: its dissemination of the Class Notice in accordance with the notice procedures of this Agreement; all attempts by the Settlement Administrator to locate California Class' Members, FLSA Collective Members; and

Hybrid Members, the number of delivered and undeliverable Class Notices; the number of objections received (and copies of same); and the number of requests for exclusion received (but not copies of same). Class Counsel shall be responsible for filing the due diligence declaration with the Court. At least seven (7) days before the Final Approval Hearing, the Settlement Administrator will provide a supplemental declaration, as needed.

**7.      PROCEDURE FOR REQUESTING EXCLUSION**

7.1      California Class Members, FLSA Settlement Collective Members, and Hybrid Members who wish to exclude themselves from (or "opt out" of) the Settlement must submit timely, written requests for exclusion. To be effective, the request for exclusion must include: the California Class Member's, the FLSA Settlement Collective Member's, or the Hybrid Collective Member's name, address, and telephone number; the name and case number of this case; a clear and unequivocal statement that the individual wishes to be excluded from the Settlement; a clear and unequivocal statement that the individual wishes to withdraw his/her consent-to-join the FLSA Collective Action, if he/she previously opted in; and the California Class Member's, FLSA Collective Member's, or Hybrid Member's, as the case may be, signature.

7.2      The request for exclusion must be mailed to the Settlement Administrator at the address provided in the Class Notice and must be postmarked no later than forty-five (45) days after the Mailed Notice Date. The date of the postmark on the envelope containing the request for exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Requests for exclusion must be exercised individually by a California Class Member, FLSA Settlement Collective Member, or Hybrid Settlement Member.  Attempted collective group, class, or subclass requests for exclusions shall be ineffective and disregarded by the Settlement Administrator, unless each individual complies with the opt-out requirements as set forth in this Agreement.

7.3      The Settlement Administrator shall automatically notify Class Counsel and counsel for IRI if and when more than 10% of the California Settlement Class Members and Hybrid Settlement Class Members who have not previously released their claims submit requests for exclusion, or, if and when more than five of FLSA Settlement Collective Members who have not

1  previously released their claims, submit a request to withdraw his/her consent-to join during the

2  settlement notice period. In this event, Defendant in its sole option may Void the settlement and

3  Plaintiff may resume her claims against Defendant in court. If Defendant exercises this right then

4  Defendant shall be responsible to the Claims Administrator for all claims administration expenses.

5  Defendant will communicate this by sending written notice to Class Counsel that it Voids the

6  Settlement.  Defendant must make such an election within five (5) business days of being notified

7  by the Claims Administrator when more than 10% of the California Settlement Class Members and

8  Hybrid Settlement Class Members who have not previously released their claims submit requests

9  for exclusion, or, if and when more than five of FLSA Settlement Collective Members who have

10  not previously released their claims, submit a request to withdraw his/her consent-to join during

11  the settlement notice period.

12        7.4     All California Class Members, FLSA Settlement Collective Members, and Hybrid

13  Members who do not opt out shall be bound by this Agreement, and all of their claims shall be

14  dismissed with prejudice and released as provided for herein.

15        7.5     Plaintiff agrees not to request exclusion from the Settlement Class or object to it.

16  **8.      PROCEDURE FOR OBJECTING**

17        8.1     Any California Class Member or Hybrid Member who wishes to object to the

18  fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement may object to

19  Settlement by sending their written objections to the Court. All objections will be scanned into the

20  electronic case docket and the parties will receive electronic notices of filing. The Class Notice will

21  make clear that the Court can only approve or deny the settlement, not change the terms of the

22  settlement. California Class Members or Hybrid Members may therefore object to the proposed

23  settlement in writing, but they may also appear at the Final Approval Hearing, either in person or

24  through their own attorney, which they are responsible for paying.

25        8.2     All written objections and supporting papers must be filed or postmarked no later

26  than the forty-five (45) days after the Mailed Notice Date. The filing date or the date of the postmark

27  on the envelope containing the objection shall be the exclusive means used to determine whether

28  the written objection has been timely submitted.

8.3     All written objections and supporting papers must (a) clearly identify the case name and number (*Bakhtiar v Information Resources, Inc.*, Case Number 3:17-cv-04559-JST), (b) be submitted to the Claims Administrator for dissemination to the parties for filing, or be submitted to the Court, either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Division, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before forty-five (45) days after the Mailed Notice Date.

8.4     California Class Members or Hybrid Members who object to the proposed Settlement shall remain California Settlement Class Members or Hybrid Settlement Members. To the extent any California Class Member or Hybrid Member objects to the Settlement, and such objection is overruled in whole or in part, those California Class Members or Hybrid Settlement Members will be forever bound by the Final Approval order and Judgment.

**9.      PROCEDURE FOR REQUESTING FINAL APPROVAL OF THE SETTLEMENT**

9.1     Promptly after the Exclusion/Objection Deadline, Plaintiff shall file a motion requesting final approval of the Settlement, including a proposed Final Approval Order and Judgment. As to the Final Approval Order and Judgment, Defendant will be permitted to review, revise as necessary and agreed upon, and approve.

9.2     The proposed Final Approval Order shall adjudge that, among other things:

- The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement and that the Class Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, and their right to exclude himself from or object to the proposed settlement and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

- The Settlement as fair, reasonable, and adequate;

- Plaintiff and Class Counsel adequately represented the California Settlement Class Members, FLSA Collective Settlement Members, and Hybrid Settlement Members for the purpose of entering into and implementing the Agreement;

- The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of this Agreement;

- The Final Approval Order and Judgment of dismissal shall be final and entered forthwith;

- Without affecting the finality of the Final Approval order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, the California Settlement Class Members, FLSA Settlement Collective Members, and the Hybrid Settlement Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement;

- As of the Final Approval Date, the Plaintiff, California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members, and their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and provided: the Complete and General Release (in the case of Plaintiff); the release of California Settlement Class Members' Released Claims (in the case of the California Settlement Class Members); release of FLSA Settlement Collective Members' Released Claims (in the case of FLSA Settlement Collective Members); and release of the Hybrid Settlement Released Claims (in the case of the Hybrid Settlement Members) against IRI and the Released Parties, and are bound by the provisions of this Settlement Agreement;

- Plaintiff, the California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members, by entry of the Final Order and

Judgment, are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released herein;

- The Settlement provided for herein, and any proceedings undertaken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class or collective, or that PAGA representative claims may validly be pursued; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement;

- The Judgment entered by the Court will resolve all claims in lieu of ordering their dismissal.

- The Parties, without further approval from the Court, are authorized to agree to and adopt such amendments, modifications, and expansions of this Agreement, including all Exhibits hereto, as (i) shall be consistent in all material respects with the Final Approval order; (ii) do not limit the rights of California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Members; and (iii) contains such other and further provisions consistent with the terms of this Settlement Agreement to which the Parties expressly consent in writing.

9.3    At the Final Approval Hearing, and in an unopposed motion filed before the close of the notice period, Class Counsel will also request entry of an Order approving the Class Counsel Award and the Service Award to Plaintiff. Any such Class Counsel Award or Service Award shall be paid exclusively from the Total Settlement Payment. In no event shall any Released Party otherwise be obligated to pay for any other attorneys' fees and expenses or Service Awards arising from this suit. The disposition of Class Counsel's application for a Class Counsel Award, and for Service Awards, is within the sound discretion of the Court and is not a material term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that such application

be granted. Any disapproval or modification of such application by the Court shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) increase the consideration any Released Party pays in connection with the Settlement. Any unawarded Class Counsel Award and Service Award will be held in trust by the administrator pending any limited appeal by Class Counsel on such denied or modified award(s), but such appeal shall not delay the finality of the judgment in other respects or distribution of the remainder of the settlement. If there is no limited appeal regarding the Class Counsel Award and Service Award, or if any such limited appeal is unsuccessful, then any such unawarded portion(s) of the Class Counsel Award and Service Award held in trust will be distributed pro rata to the participating Class Members, and will not, under any circumstances, revert to Defendant. Defendant will not under any circumstances owe any additional attorneys' fees or costs associated with any such limited appeal.

## 10.    PROCEDURE FOR EXECUTING THE SETTLEMENT IF/WHEN IT BECOMES EFFECTIVE

10.1    Within fifteen (15) calendar days following the Effective Date, IRI shall provide the Total Settlement Amount ($2,250,000) to the Settlement Administrator.  By the later of fifteen (15) calendar days following the Effective Date or fifteen (15) calendar days after the Claims Administrator provides counsel for IRI with the necessary information, IRI shall provide the Claims Administrator with the employer's share of payroll taxes.

10.2    Within thirty (30) calendar days following the Effective Date, the Settlement Administrator shall distribute Total Settlement Amount as follows:

- Pay the costs and expenses incurred in connection with administering this Settlement, which shall not be more than $15,000;

- Subject to the approval and further order(s) of the Court, pay the Service Award to Plaintiff, which shall not be more than $15,000 total;

- Subject to the approval and further order(s) of the Court, pay the Class Counsel Award, which shall not be more than $562,500.00 for attorneys' fees and $25,000 for costs, with fees;

- Subject to the approval and further order(s) of the Court, distribute 75% (i.e. $16,875 of the PAGA Payment to the LWDA;

- Subject to the approval and further order(s) of the Court, distribute the Individual California Class and Collective Action Settlement Payments from the Total Settlement Amount for the benefit of the California Settlement Class Members and the FLSA Settlement Collective.

10.3     Unawarded allocations from the Total Settlement Amount will be added into the Net Distribution Fund, as detailed above.  If any Individual Settlement Checks mailed to any California Class Member, FLSA Collective Member, and Hybrid Member are returned as undeliverable, before considering the check expired, the Settlement Administrator will attempt to locate a viable mailing address and will resend the checks by following the same procedures addressed above for undeliverable Class Notices, as detailed in sections 6.8 through 6.10 above.  If any portion of the Total Settlement Amount cannot be distributed to the California Settlement Class Members or the FLSA Settlement Collective Members, *e.g.,* if any the Individual California Class and Collective Action Settlement Payments are not cashed by the Expiration Date, then within thirty (30) days after the Expiration Date, and if the undistributed amount is $10,000 or less, the Settlement Administrator shall consider the checks expired and shall pay such unallocated and unclaimed funds to UC Hastings College of the Law for the Workers' Rights Clinic.  The Clinic operates two evenings a week and is supervised by attorneys from Legal Aid at Work and the private bar. Students conduct initial client interviews and in consultation with the supervising attorneys, provide counseling, legal information, and referrals to low-income workers.  Given the positive impact the clinic spreads in fighting for worker's rights, the parties submit that UC Hastings College of the Law, Worker's Rights Clinic is a worthy *Cy Pres* Beneficiary for the funds that remain from uncashed checks after the Expiration Date. Neither the parties nor their counsel have any affiliation or relationship with the UC Hastings College of the Law, Worker's Rights Clinic, other than that Mitchel F. Boomer and Janelle J. Sahouria, counsel for Defendant, graduated law school at UC Hastings College of the Law, and Bryan Schwartz is a member of the Board of Directors of Legal Aid at Work.

10.4    If the undistributed amount exceeds $10,000, then the Settlement Administrator shall distribute the undistributed amount pro rata to participating Class Members (the "second allocation"), and, to the extent any of the second allocation payments are not cashed by recipients after 90 days, the uncashed checks will expire, and the remaining amount will go to *cy pres*.

10.5    Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties. Class Counsel shall file the declaration with the Court to confirm full satisfaction of the Settlement.

10.6    California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members are not eligible to receive any compensation in connection with this case other than their Individual California Class or Collective Action Settlement Payment.

10.7    The Individual California Class and Collective Action Settlement Payments cashed shall be reported by the Settlement Administrator to the applicable governmental authorities on IRS Forms W-2s or 1099s (as applicable). The portions allocated to the Service Award shall be reported on IRS Form 1099s by the Settlement Administrator. The Settlement Administrator shall be responsible for issuing copies of IRS Forms W-2s or 1099s for the Plaintiff, California Settlement Class Members, and FLSA Settlement Collective Members.

10.8    The Parties make no representation as to the tax treatment or legal effect of the payments called for hereunder, and the Plaintiff, the California Settlement Class Members, and the FLSA Settlement Collective Members are not relying on any statement, representation, or calculation by any of the Parties or by the Settlement Administrator in this regard. Plaintiff and the California Settlement Class Members,  FLSA Settlement Collective Members, and Hybrid Settlement Members understand and agree that they will be solely responsible for the payment of any taxes and penalties assessed on the payments described herein.  Plaintiff, the California Settlement Class Members,  FLSA Settlement Collective Members, and Hybrid Settlement Members acknowledge and agree that no provision of this Settlement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor will any such communication or disclosure constitute or be construed or

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 C.F.R. Part 10, as amended).

10.9    Payments and tax reporting by the Settlement Administrator in the manner described above shall be deemed conclusive of compliance with the monetary terms of this Settlement Agreement as to all California Settlement Class Members, FLSA Settlement Collective Members, and Hybrid Settlement Members. No California Settlement Class Members, FLSA Settlement Collective Members, or Hybrid Settlement Members shall have any claim against the Plaintiff, Class Counsel, IRI, Defendant's counsel or the Settlement Administrator for distributions made substantially in accordance with this Settlement Agreement or orders of the Court. No California Settlement Class Members, FLSA Settlement Collective Members, or Hybrid Settlement Members shall have any claim against IRI, the Released Parties or IRI's counsel relating to distributions made under this Settlement.

## 11.    EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF SETTLEMENT AGREEMENT

11.1    If the Court does not approve the Settlement as set forth in this Settlement Agreement in all material respects, or if the Court enters the Judgment and appellate review is sought (other than the limited appeal described in 9.3, above), and on such review, the entry of Judgment is vacated, modified in any material way, or reversed, or if the Final Approval order does not otherwise become Final, then this Settlement Agreement shall be cancelled and terminated, unless all Parties, in their sole discretion within thirty (30) days from the date such ruling becomes final, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as it may be modified by the Court or any appellate court.

11.2    In the event that: (i) the Settlement is not approved, is overturned, or is materially modified by the Court or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement Agreement is terminated, cancelled, or fails to become effective for any reason, including Defendant's decision to Void the Agreement as described herein, then: (a) the Parties stipulate and agree the Settlement, the Class Information, and all documents exchanged and filed in connection with the Settlement shall be treated as inadmissible mediation communications under Cal. Evid.

Code §§ 1115 *et seq.* and Rule 408 of the Federal Rules of Evidence; (b) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable, with the exception of this Paragraph, which shall remain effective and enforceable; (c) the Parties shall be deemed to have reverted to their respective status prior to execution of this Agreement; (d) all Orders entered in connection with the Settlement, including the certification of the California Settlement Class Members and the California Class Members' Released Claims, the FLSA Settlement Collective Members and FLSA Settlement Collective Members' Released Claims, and the Hybrid Settlement Members and the Hybrid Settlement Members' Released Claims shall be vacated without prejudice to any Party's position on the issue of class certification, and the Parties shall be restored to their litigation positions existing on the date of execution of this Agreement; and (e) the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement. The Settlement, all documents, orders, and evidence relating to the Settlement, the fact of their existence, any of their terms, any statement or report concerning the Settlement Agreement, its existence, or their terms, any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement shall not be admissible in any proceeding, and shall not be offered, received, or construed as evidence of a presumption, concession, or an admission of liability, of unenforceability of any arbitration agreement, of the, certifiability of a litigation class, or otherwise used by any Person for any purpose whatsoever, in any trial of this Action or any other action or proceedings.

**12.    ADDITIONAL PROVISIONS**

12.1    The Class Notice is the approved method for communicating with California Class Members, FLSA Collective Members, and Hybrid Members about the Settlement. Plaintiff and Class Counsel will not issue any news media releases, initiate any contact with the news media, respond to any news media inquiry, post any information on a website (including social media), or have any other public communication about the Action or the fact, amount or terms of the Settlement prior to preliminary approval being granted. After preliminary approval, Class Counsel

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

will set up the webpage referenced above, and neither Class Counsel nor Plaintiff will disparage Defendant.

12.2    All of the Exhibits to this Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

12.3    Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

12.4    This Agreement supersedes all prior negotiations and agreements and may be amended or modified only by a written instrument signed by counsel for all Parties or the Parties' successors-in-interest.

12.5    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement. Such extensions must be agreed-upon in writing to be enforceable.

12.6    The Released Parties shall have the right to file the Settlement Agreement, the Final Approval Order and Judgment, and any other documents or evidence relating to the Settlement in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.7    The Parties to the Settlement Agreement agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, resulted from multiple mediation sessions facilitated by mediator Jeffrey Ross, Esq., and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

12.8    Plaintiff, Class Counsel and Defendant have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Plaintiff asserted against IRI, including the claims on behalf of the California Class Members, FLSA Collective Members, and the Hybrid Members and that it promotes the best interests of the California Class

Members and the FLSA Collective Members.

12.9     To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

12.10    Within sixty (60) days following the Effective Date, Class Counsel shall return to IRI all documents produced in the Action, or confirm in writing that all such documents have been destroyed.

12.11    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

12.12    This Settlement Agreement, including its Exhibits, constitutes the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement and its Exhibits.

12.13    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

12.14    The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement.

12.15    This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

12.16    This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

1    Settlement Agreement.

2        12.17   Except where this Settlement Agreement itself provides otherwise, all terms,

3    conditions, and Exhibits are material and necessary to this Settlement Agreement and have been

4    relied upon by the Parties in entering into this Settlement Agreement.

5        12.18   This Settlement Agreement shall be governed by California law. Any action based

6    on this Settlement Agreement, or to enforce any of its terms, shall be venued in the United States

7    District Court, Northern District of California, which shall retain jurisdiction over all such disputes.

8    All Parties to this Settlement Agreement shall be subject to the jurisdiction of the United States

9    District Court, Northern District of California for all purposes related to this Settlement Agreement.

10   This Paragraph relates solely to the law governing this Settlement Agreement and any action based

11   thereon, and nothing in this Paragraph shall be construed as an admission or finding that California

12   law applies to the Released Claims of any Plaintiff or California Class Member or the FLSA

13   Collective Members who resides outside the State of California.

14       12.19   The Court shall retain continuing and exclusive jurisdiction over the Parties to this

15   Settlement Agreement for the purpose of the administration and enforcement of this Settlement

16   Agreement.

17       12.20   The headings used in this Settlement Agreement are for the convenience of the

18   reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.

19       12.21   In construing this Settlement Agreement, the use of the singular includes the plural

20   (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

21       12.22   The Parties agree to all terms in the agreement.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1   **IT IS SO STIPULATED.**

2   Dated: 03/16/2020 _____

3

4   By: _____
    Iram Bakhtiar (Mar 16, 2020)
    Iram Bakhtiar,

5   For:  Individual and Putative Class

6   Dated: _____        INFORMATION RESOURCES, INC.

7

8   By: _____

9   Title: _____

    *Approved as to form:*
10

11  Dated: _____        BRYAN SCHWARTZ LAW

12  By: _____
    Bryan Schwartz

13  Samuel Goldsmith
    Attorneys for Individual and Representative

14  Plaintiffs and the Putative Class

15  Dated: _____        JACKSON LEWIS P.C.

16

17  By: _____
    Mitchell F. Boomer

18  Fraser A. McAlpine
    Janelle J. Sahouria

19  Attorneys for Defendant
    INFORMATION SERVICES, INC.

20

21  4825-6453-3687, v. 1

22

23

24

25

26

27

28

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

1    **IT IS SO STIPULATED.**

2    Dated: _____

3

4                                              By:  _____
                                                    Iram Bakhtiar,
5                                                   For:  Individual and Putative Class

6    Dated:  March 16, 2020            INFORMATION RESOURCES, INC.

7                                              By:  _____
8                                                   Title:  Chief Legal Officer

9
     *Approved as to form:*
10
     Dated: _____        BRYAN SCHWARTZ LAW
11

12                                             By:  _____
13                                                  Bryan Schwartz
                                                    Samuel Goldsmith
                                                    Attorneys for Individual and Representative
14                                                  Plaintiffs and the Putative Class

15   Dated: _____        JACKSON LEWIS P.C.

16

17                                             By:  _____
18                                                  Mitchell F. Boomer
                                                    Fraser A. McAlpine
19                                                  Janelle J. Sahouria
                                                    Attorneys for Defendant
20                                                  INFORMATION SERVICES, INC.

21   4825-6453-3687, v. 1

22

23

24

25

26

27

28

                                             38                    Case No. 3:17-cv-04559-JST

1    **IT IS SO STIPULATED.**

2    Dated: _____

3

4                   By: _____
                       Iram Bakhtiar,

5                       For:  Individual and Putative Class

6    Dated: _____      INFORMATION RESOURCES, INC.

7

8                   By: _____

9                       Title:

*Approved as to form:*

10   Dated: March 16, 2020

11                  BRYAN SCHWARTZ LAW

12                By:  bryan schwartz (Mar 16, 2020)

13                   Bryan Schwartz
                     Samuel Goldsmith

14                   Attorneys for Individual and Representative
                     Plaintiffs and the Putative Class

15   Dated:   March 16, 2020      JACKSON LEWIS P.C.

16

17                 By: _____

18                   Mitchell F. Boomer
                     Fraser A. McAlpine

19                   Janelle J. Sahouria
                     Attorneys for Defendant

20                   INFORMATION SERVICES, INC.

21   4825-6453-3687, v. 1

22

23

24

25

26

27

28

AMENDED STIPULATION OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

# EXHIBIT 1 (FILED WITH THE COURT UNDER SEAL)

*Iram Bakhtiar v. Information Resources, Inc.*
3:17-cv-04559-JST

## CALIFORNIA CLASS MEMBERS



# EXHIBIT 2

*Iram Bakhtiar v. Information Resources, Inc.*
3:17-cv-04559-JST

### FLSA COLLECTIVE MEMBERS

|     | Name                      |     |     | Name                      |
| --- | ------------------------- | --- | --- | ------------------------- |
| 1.  | Aguilar, Tracy B          |     | 39. | Sibal, Glyn Allan D       |
| 2.  | Antolik, Tawnya R         |     | 40. | Smith, Richard J          |
| 3.  | Ball, Gabriela            |     | 41. | Sutton, Donna M           |
| 4.  | Bergeman, Maureen A       |     | 42. | Terrell, Rebecca M        |
| 5.  | Bowers, Daniel G          |     | 43. | Vasel, Adam M             |
| 6.  | Breland, Douglas S        |     | 44. | Villavicencio, Lara G     |
| 7.  | Buske, Kyle L             |     | 45. | Washington, Crystal H     |
| 8.  | Byrne, Sara L             |     | 46. | Wnek, Anna                |
| 9.  | Cannon, Anne E            |     |     |                           |
| 10. | Carney, Regina R          |     |     |                           |
| 11. | Chang, Johnny             |     |     |                           |
| 12. | Craft, Michele L          |     |     |                           |
| 13. | DeLeon, Suzanna           |     |     |                           |
| 14. | Foran, Matthew L          |     |     |                           |
| 15. | Gorman, Robert A          |     |     |                           |
| 16. | Gray, Tiffany R           |     |     |                           |
| 17. | Hanson, Kevin B           |     |     |                           |
| 18. | Harper, Julie S           |     |     |                           |
| 19. | Harris, Kandyce D         |     |     |                           |
| 20. | Isca, Jonathan P          |     |     |                           |
| 21. | Jager, Magaly A           |     |     |                           |
| 22. | Kaplan, Heather L         |     |     |                           |
| 23. | Krishna-Baker, Aarati R   |     |     |                           |
| 24. | Lamb, Julie M             |     |     |                           |
| 25. | Lewis, Mallory M          |     |     |                           |
| 26. | Lombardi, Tracy K         |     |     |                           |
| 27. | McMann, Caitlin Q         |     |     |                           |
| 28. | Miske, Geraldine E        |     |     |                           |
| 29. | Murphy, Christopher B     |     |     |                           |
| 30. | Patel, Rakesh S           |     |     |                           |
| 31. | Phillips, Robert M        |     |     |                           |
| 32. | Poirier, Sarah J          |     |     |                           |
| 33. | Pruitt, Ronald E          |     |     |                           |
| 34. | Psacharopoulos, Erika D   |     |     |                           |
| 35. | Rosen, Meredith A         |     |     |                           |
| 36. | Santiago, Krystal L       |     |     |                           |
| 37. | Savloff, Gail I           |     |     |                           |
| 38. | Scarpelli, Elaine C       |     |     |                           |

# EXHIBIT 3

*Iram Bakhtiar v. Information Resources, Inc.*
3:17-cv-04559-JST

## HYBRID MEMBERS

|   | Name |
|---|------|
| 1 | Bakhtiar, Iram (Plaintiff) |
| 2 | Acosta, Christian |
| 3 | Greengauz, Anne |
| 4 | Koepnick, Kathy K |
| 5 | Maldonado, Laura L |
| 6 | Olczyk, Sarah A |

4850-6523-9991, v. 1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>INFORMATION RESOURCES, INC.,<br><br>     Defendant. | Case No.: 3:17-cv-04559-JST<br><br><br>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO CALIFORNIA CLASS MEMBERS**<br><br>Honorable Jon S. Tigar |

**<u>IMPORTANT NOTIFICATION TO POTENTIAL CLASS AND COLLECTIVE ACTION MEMBERS</u>**

**TO:**    ALL PERSONS WHO WERE EMPLOYED BY INFORMATION RESOURCES, INC., AND CLASSIFIED AS EXEMPT CLIENT SERVICE MANAGERS, CLIENT SOLUTIONS MANAGERS, CLIENT SERVICE ANALYSTS, AND CLIENT SERVICE CONSULTANTS, AND OTHER SIMILAR, NON-MANAGEMENT POSITIONS, INCLUDING CLIENT INSIGHTS ANALYSTS AND CLIENT INSIGHTS CONSULTANTS WITHIN THE STATE OF CALIFORNIA AT ANY TIME FROM AUGUST 9, 2013, THROUGH MAY 30, 2019 ("CLASS MEMBERS"), INCLUDING THOSE PERSONS WHO WERE EMPLOYED AT ANY TIME FROM AUGUST 9, 2014 THROUGH [date of the preliminary approval order] ("FLSA COLLECTIVE MEMBERS").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT CLASS MEMBER IN CALIFORNIA BETWEEN AUGUST 9, 2013, AND MAY 30, 2019, FOR [XXX] WEEKS.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT FLSA COLLECTIVE MEMBER INSIDE OF CALIFORNIA BETWEEN [three years before date of opt-in or August 9, 2014, whichever is later] AND [date of the preliminary approval order] FOR [XXX] WEEKS.**

**YOUR ESTIMATED GROSS ALLOCATION OF THE SETTLEMENT IS $[XXXXX]. YOU WILL RECEIVE AT LEAST $[XXXXX] IF YOU DO NOT EXCLUDE YOURSELF FROM THE CALIFORNIA CLASS SETTLEMENT, OR WITHDRAW AN EXISTING FLSA CONSENT-TO-JOIN, AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement fund will pay claims of an estimated 137 former Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts and Client Insights Consultants who worked for Information Resources, Inc. ("IRI") and whom IRI classified as exempt at any point from August 9, 2013, until May 30, 2019, in California, or from August 9, 2014, until [date of the preliminary approval order] in the United States.

- The settlement pertains to a lawsuit asserting causes of action against IRI for: (1) failure to pay overtime wages; (2) failure to provide and/or authorize meal and rest periods; (3) failure to provide accurate itemized wage statements; (4) failure to pay earned wages upon discharge; (5) failure to reimburse business expenses; (6) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (7) penalties under the California Labor Code Private Attorneys General Act of 2004.

- IRI denies that it is liable for any of these claims. IRI contends that, at all times, it properly classified and paid the employees subject to this settlement. However, in light of the risk and expense of protracted litigation, IRI, Class and Collective Counsel, and Plaintiff believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A CLASS SETTLEMENT PAYMENT** | If you do nothing, and assuming that the Court approves the settlement, you will receive a settlement payment approximating your estimated California Class allocation stated above. If you do nothing, a check will arrive in the mail (to the same address to which this notice was sent). Even if you do not cash the check, you will agree that you are releasing your rights to bring separate claims against IRI for the state law claims in this case. |
| **RECEIVE A FLSA SETTLEMENT PAYMENT, IF YOU OPTED INTO THE CASE** | If any FLSA allocation amount is stated above, you opted into the FLSA Collective, and unless you withdraw your consent-to-join, you are releasing your rights to bring a separate FLSA claim against IRI for the federal law claims in this case. |
| **EXCLUDE YOURSELF** | If you take the affirmative steps described in this notice to exclude yourself from the case, you will receive no payment from this settlement. However, you would be free to pursue any claims separately against IRI. |
| **OBJECT** | If you wish to challenge the terms of the class action settlement, you may file a written objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the class action settlement you cannot exclude yourself from the settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION                                                                PAGE 1
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  What is a class action? What is a collective action?
    4.  Why is there a settlement?

WHO IS IN THE SETTLEMENT?                                                        PAGE 2
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET                                           PAGE 3
    8.  What does the settlement provide?
    9.  How much will my payment be?

YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT                       PAGE 4
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment?
    13. What if I believe I am not being credited for the right number of
        workweeks?

EXCLUDING YOURSELF FROM THE SETTLEMENT                                           PAGE 6
    14. What does it mean to exclude myself from the settlement?
    15. How do I get out of the settlement?
    16. What happens if I do nothing?
    17. What are claims under the Fair Labor Standards Act?

THE LAWYERS REPRESENTING THE CLASS AND COLLECTIVE                                PAGE 8
    18. Do I have a lawyer in the case?
    19. How will the lawyers, claims administrator, Representative Plaintiff, and
        the State of California be paid?

OBJECTING TO THE SETTLEMENT                                                      PAGE 9
    20. How do I tell the Court that I challenge all or some of the settlement terms?
    21. What's the difference between objecting, on the one hand, and
        excluding myself (*i.e.*, "opting out") from the settlement, on the other?

THE COURT'S FINAL FAIRNESS HEARING                                              PAGE 10
    22. When and where will the Court decide whether to approve the settlement?
    23. Do I have to come to the hearing?
    24. May I speak at the hearing?

GETTING MORE INFORMATION                                                        PAGE 11
    25. Are there more details about the settlement?
    26. How do I get more information?

BASIC INFORMATION

| 1.   Why did I get this notice package? |
| --- |

IRI's records indicate that the company employed you and classified you as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, and/or other similar, non-management positions, including Client Insights Analyst and/or Client Insights Consultant in California at some point between August 9, 2013 and May 30, 2019 (the "Class Period").

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST (N.D. Cal.). The person who brought the suit is called the Plaintiff, and the entity the suit was brought against (IRI) is the Defendant.

| 2.   What is this lawsuit about? |
| --- |

The Plaintiffs in this lawsuit claim that IRI misclassified as "exempt" from state and federal overtime laws Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other job titles performing the same or similar non-management positions including Client Insights Analysts and Client Insights Consultants. Plaintiff thereby alleges that IRI: (1) failed to pay overtime when they worked more than eight hours in a day or forty hours in a week; and, in California, (2) failed to provide rest and meal breaks; (3) failed to provide accurate itemized wage statements; (4) failed to pay all wages due at the time of discharge or resignation from employment; (5) failed to reimburse business expenses; (6) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (7) as a result of the foregoing, also owes penalties under the California Labor Code Private Attorneys General Act of 2004.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and IRI takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under California and federal law, and were made in good faith.

1

| 3.   What is a class action? What is a collective action? |
|---|

In a class action, the Class Representative(s) (in this case Iram Bakhtiar) sues on behalf of people who have similar claims ("Class Members"). The Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

In a FLSA collective action, the Representative Plaintiff(s) (in this case Iram Bakhtiar), sues on behalf of people who have similar claims (the "FLSA Collective"). The Court can make rulings affecting the FLSA Collective (such as approving the parties' settlement), which only effect those who have opted into this case by filing a consent-to-join.

| 4.   Why is there a settlement? |
|---|

The Court did not issue a judgment, or make any rulings on the merits, in favor of Plaintiff or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the California Class and FLSA Collective members sooner, rather than later, if at all. The Representative Plaintiff and the attorneys believe that this settlement is in the best interests of all California Class Members and FLSA Collective Members.

WHO IS IN THE SETTLEMENT?

| 5.   How do I know if I am part of the settlement? |
|---|

Everyone who fits the following description is a California Class Member: All individuals employed by Defendant at any time from August 9, 2013, through May 30, 2019, and who have been employed by Defendant as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts, and Client Insights Consultants within the state of California.

Everyone who opted-into the FLSA Collective Action before March 6, 2019, is a FLSA Collective Member, having worked in the above-mentioned positions after August 9, 2014.

| 6.   Are there exceptions to being included? |
|---|

You are not a California Class Member if you did not work for IRI as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-management position, including Client Insights Analyst and Client Insights Consultant, within California during the Class Period. You may also exclude yourself from the California Class settlement by one of the methods described below.

You are not a FLSA Collective Action member if you did not previously submit a FLSA consent-

to-join in this case.

| 7.   I am still not sure if I am included. |
| --- |

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out of the California Class, you will receive a California Class settlement payment, assuming that the Court approves the settlement.

If you sent in your FLSA consent-to-join form and/or you do not withdraw your FLSA consent-to-join form, you will receive a settlement payment that covers your FLSA claims.

If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.   What does the settlement provide? |
| --- |

IRI has agreed to create a settlement fund of $2,250,000 to be divided among all California Class Members and FLSA Collective Members who participate in the settlement. The fund will also be used to pay for Plaintiff's attorney's fees and costs, an enhancement payment to the named Plaintiff, administrative expenses, and other payments made pursuant to this Settlement.

Participants in the settlement will receive a *pro rata* payment based on the number of workweeks during the Class Period that they worked as exempt employees in the relevant positions for IRI.

California participants will receive payment that is 1.75 times larger per workweek than participants who worked outside of California, to reflect the additional claims asserted on behalf of those individuals, and differences between California and federal wage and hour laws.

The Settlement provides for corporate changes, too. In particular, IRI agrees to review the job responsibilities of persons currently in the following job classifications:

- Client Service, Analyst;

- Client Service, Consultant, Level 1;

- Client Insights, Analyst; and

- Client Insights, Consultant, Level 1.

Persons employed as Client Service, Analysts, Level 1, and Client Insight Analysts, Level 1, no later than January 1, 2020, will be reclassified as nonexempt, eligible for overtime compensation. IRI retains the discretion to set the hourly pay of Level 1 Analysts reclassified as nonexempt.

IRI has begun to analyze the job responsibilities of persons employed in all of the job classifications listed above (including all Analysts regardless of Level).  Based on that analysis,

IRI will either: (1) classify those employees as non-exempt and assign them a job title of Client Service Analyst, Level 1 or Client Insights Analyst, Level 1; (2) modify the job duties performed by those employees so that they remain exempt employees and assign them a job title other than of Client Service Analyst, Level 1 or Client Insights Analyst, Level 1; or (3) determine that the employees are correctly classified and assign them a job title other than of Client Service Analyst, Level 1 or Client Insights Analyst, Level 1.  When newly hired or reassigned employees are placed as Analysts or Consultants, IRI will determine whether at the time of hire or reassignment those employees should be classified as a nonexempt Client Service Analyst, Level 1 or Client Insights Analyst, Level 1, or assigned a different, exempt classification.

IRI will provide reports to Class Counsel concerning the classification of employees in the four job Classifications listed above, and for each person explain whether he or she has been reclassified as non-exempt or has remained in or been reassigned to an exempt position other than Client Service Analyst, Level 1 or Client Insights Analyst, Level 1.  If and to the extent that any incumbent employee in any of the four Classifications listed above has not been examined, the status report will set forth a schedule for that examination.  For a period of two years after entry of Final Judgment, IRI will provide Class Counsel with four updated reports, six months, twelve months, 18 months and 24 months after Final Approval.

Within the 24-month period after Final Approval, if the nomenclature of the job classifications at issue changes, IRI will review the exempt status of the employees in substantially similar positions.

| 9.   How much will my payment be? |
| --- |

Your estimated share of the fund is listed on the first page of this Notice. The amount is based on the number of workweeks during which you were actively employed as a Class Member during the Class Period.

For tax reporting purposes, one-third of the settlement amount you receive will be considered wages, one-third will be considered interest, and one-third will be considered penalties and liquidated damages. The claims administrator will issue you associated tax reporting documents. You alone are responsible to pay any appropriate taxes on your settlement amount.

#### YOU WILL LIKELY RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT

| 10.  How can I get a payment? |
| --- |

If you are receiving this notice, and the settlement receives final approval from the Court, unless you affirmatively opt out of the settlement or withdraw your FLSA consent-to-join form by [*date – 45 days after notice is mailed*], you will automatically receive a payment.

| 11.      When would I get my payment? |
| --- |

The Court will hold a hearing on **[*date*]** at **[time]** p.m. to decide whether to grant final approval of the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

| **12.  What am I giving up to get a payment?** |
| --- |

Unless you affirmatively exclude yourself from the California Class settlement, you are part of the California Class. Assuming you do not withdraw your FLSA consent-to-join form, you are part of the FLSA Collective. That means you cannot sue, continue to sue, or be part of any other lawsuit against IRI concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under California law covered by this settlement, whether you cash your check or not. If you previously submitted a "consent-to-join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act, whether you cash your check or not.

If you sent in your FLSA consent-to-join form and do not withdraw your FLSA consent-to-join form, you will be releasing all wage and hour claims covered by this settlement under the Fair Labor Standards Act and any related wage and hour laws.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 6 of the Settlement Agreement.

| **13.      What if I believe I am not being credited for the right number of work-weeks?** |
| --- |

If you dispute the information shown on your Notice of Settlement regarding the total number of weeks that you actively worked as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-managerial position, you may indicate and explain such disagreement within forty-five (45) days of the mailing of the Notice of Settlement. You can do so by notifying the Claims Administrator pursuant to the following procedures:

a)  You must timely submit documentation relating to your dispute;

b)  The Claims Administrator shall notify IRI's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute;

c)  In case of a dispute, IRI's records shall control and will have a rebuttable presumption of correctness. This means that you have the burden to prove, with records in support, that the work weeks listed are wrong; and

d)  The Claims Administrator will notify you whether or not your dispute has been successful.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

| 14. | What does it mean to exclude myself from the settlement? |
|---|---|

If you do not want a payment from the Settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against IRI on your own regarding the legal issues in this case, then you must exclude yourself from the settlement of California Class claims, and withdraw your FLSA consent-to-join form if you previously filed one. Excluding yourself from the California claims is called "opting out" of the California Class Settlement. If you exclude yourself from the California Class Settlement, you will not receive any money at all from the California Class Settlement.

| 15. | How do I opt out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail to the Claims Administrator setting forth your name, the case name and number, and a statement that you request to be excluded from the California Class, and if applicable, withdraw from the FLSA Collective, and do not wish to participate in the Settlement, and your signature. You must mail your exclusion or withdrawal request postmarked no later than [*date 45 days after notice is mailed*] to:

*Bakhtiar v. Information Resources, Inc.* Claims Administrator
c/o Rust Consulting Inc.
P.O. Box 2396
Fairbault, MN 55021-9096

If you ask to be excluded or withdraw, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. If you previously opted-into this case, and exclude yourself, your opt-in form will be effectively withdrawn. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against IRI for the wage claims at issue in this case in the future.

If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this settlement to continue your own claim or lawsuit.

| 16.  What happens if I do nothing? |
|---|

If you do nothing regarding this notice, you will be sent a check for your California Class allocation, provided the Court grants final approval of the Settlement. If you do not cash the check, your rights will still be affected, in that you will necessarily give up your right to sue IRI for California wage and hour claims.

If you do nothing, but you have previously submitted an FLSA consent-to-join form, you will also release all wage and hour claims under the FLSA covered by this settlement, even if you do not cash your check, unless you withdraw your consent.

If you have not filed an FLSA consent-to-join form, you will not release any of your FLSA claims, and you will retain your right to sue IRI for FLSA claims, but you will receive no payment corresponding with FLSA Collective claims.

---

**17.  What are claims under the Fair Labor Standards Act?**

---

The Fair Labor Standards Act ("FLSA") is a federal law governing the payment of overtime for hours worked past 40 in a week. In contrast, California law requires overtime to be paid for hours worked past 8 in a day or 40 hours in a week. California also has laws relating to meal breaks and rest breaks, itemized wage statements, waiting time penalties, and business expense reimbursements, among other laws.

If you previously filed a consent-to-join the FLSA collective action in this lawsuit and do not timely withdraw your consent, you will release your claims under the FLSA, regardless of whether you cash your check.

THE LAWYERS REPRESENTING THE CLASS

---

**18.  Do I have a lawyer in this case?**

---

Bryan Schwartz Law represents the California Class and FLSA Collective. The lawyers of this office are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**19.  How will the lawyers, claims administrator, Representative Plaintiff, and the State of California be paid?**

---

Class Counsel will ask the Court to approve the payment of one-quarter of the settlement amount for attorneys' fees (up to $562,500), as well as litigation costs.

The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, and capped at $15,000.

A payment of up to $15,000 will be made to Class Representative Iram Bakhtiar for her work in bringing this lawsuit and in exchange for her waiving a much broader array of personal claims than those you are waiving.

Plaintiff's Counsel will also ask the Court to approve a payment of $16,875 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged California Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004. A payment to the LWDA is required by statute.

The Court may award less than these amounts. IRI has agreed not to oppose Class Counsel's request for fee, expense, and representative Plaintiff service payments. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to IRI.

**OBJECTING TO THE SETTLEMENT**

---

**20.  How do I tell the Court that I challenge all or some of the settlement terms?**

---

You can ask the Court to deny approval by filing an objection related to your California Class claims. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

To object to the proposed settlement, you must submit your objection to the Court by **[45 days after the mailed notice date]**. If you fail to timely file and serve objections, you shall have been deemed to waive any objection. All written objections and supporting papers must (a) clearly identify the case name and number (*Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; (c) be filed or postmarked on or before **[*XXXX – 45 days after mailing of notice*** ]; and (d) be sent, also, to:

*Bakhtiar v. Information Resources, Inc.* Claims Administrator
c/o Rust Consulting Inc.
P.O. Box 2396
Fairbault, MN 55021-9096

---

**21.     What's the difference between objecting, on the one hand, and excluding myself ("opting out") from the settlement, on the other?**

---

Objecting is simply telling the Court that you wish to challenge all or part of the settlement of California Class claims. You can object only if you stay in the California Class.

Excluding yourself from the settlement or "opting out" of the California Class is telling the Court that you do not want to be part of the California Class, and withdrawing your FLSA consent-to-join, if applicable, such that you receive no payment of any kind. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL FAIRNESS HEARING**

---

**22.  When and where will the Court decide whether to approve the settlement?**

---

The Court will hold a Final Approval Fairness Hearing at [XXX] on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, CA, 94102, before the Honorable Jon S. Tigar. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the Court will consider them (FLSA Collective members may not object to the settlement; they may only choose whether or not to participate in the settlement). After the hearing, the Court will decide whether to approve the settlement.

Please note that the hearing may be postponed without further notice. Thus, if you plan to attend the hearing, you should check the website listed in the "Getting More Information" section of this Notice, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

---

**23.  Do I have to come to the hearing?**

---

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it (FLSA Collective members may not object to the settlement, they may only choose whether or not to participate in the settlement). As long as the Court receives your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

---

**24.  May I speak at the hearing?**

---

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Bryan Schwartz Law<br>180 Grand Avenue,<br>Suite 1380<br>Oakland, CA 94612 | Jackson Lewis P.C.<br>Attn: Fraser A. McAlpine<br>50 California Street,<br>9th Floor<br>San Francisco, CA 94111 |

GETTING MORE INFORMATION

---

**25.  Are there more details about the settlement?**

---

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/irisettlement, by contacting Class Counsel as set forth at Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court at any location of the United States District Court for the Northern District of California, during business hours. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

---

**26.  How do I get more information?**

---

You can call 1-XXX-XXX-XXXX toll free, write to Rust Consulting Inc., P.O Box 2396 Fairbault, MN 55021-9096, or go to http://www.bryanschwartzlaw.com/irisettlement.

You may also call Class Counsel: Bryan Schwartz Law, (510) 444-9300.

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE JON S. TIGAR, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Judge Jon S. Tigar

EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>INFORMATION RESOURCES, INC.,<br><br>     Defendant. | Case No.: 3:17-cv-04559-JST<br><br><br>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO FAIR LABOR STANDARDS ACT COLLECTIVE ACTION MEMBERS**<br><br><br>Honorable Jon S. Tigar |

**<u>IMPORTANT NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS</u>**

**TO:**    ALL PERSONS WHO WERE EMPLOYED BY INFORMATION RESOURCES, INC., AND CLASSIFIED AS EXEMPT CLIENT SERVICE MANAGERS, CLIENT SOLUTIONS MANAGERS, CLIENT SERVICE ANALYSTS, AND CLIENT SERVICE CONSULTANTS, AND OTHER SIMILAR, NON-MANAGEMENT POSITIONS, INCLUDING CLIENT INSIGHTS ANALYSTS AND CLIENT INSIGHTS CONSULTANTS WITHIN THE UNITED STATES AT ANY TIME FROM AUGUST 9, 2014, THROUGH [date of the preliminary approval order], AND WHO TIMELY FILED A CONSENT FORM IN THIS MATTER ("FLSA Collective Members").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT FLSA COLLECTIVE MEMBER IN THE UNITED STATES BETWEEN [three years before the date of opt-in or August 9, 2014, whichever is later] AND [date of the preliminary approval order] FOR [XXX] WEEKS. ACCORDING TO COURT RECORDS, YOU HAVE ALREADY FILED A CONSENT TO JOIN THIS LAWSUIT.**

**YOUR ESTIMATED NET ALLOCATION OF THE SETTLEMENT IS $[XXXXX]. YOU WILL RECEIVE AT LEAST $[XXXXX] IF YOU DO NOT WITHDRAW YOUR FSLA CONSENT-TO-JOIN AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.**

- The settlement fund will pay claims of an estimated 137 former Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts and Client Insights Consultants who worked for Information Resources, Inc. ("IRI") and whom IRI classified as exempt at any point from August 9, 2014, until [date of the preliminary approval order] in the United States and timely joined the federal Fair Labor Standards Act ("FLSA") Collective Action.

- The settlement pertains to a lawsuit asserting causes of action against IRI for failure to pay overtime wages and a host of California state law claims inapplicable to you.

- IRI denies that it is liable for any of these claims. IRI contends that, at all times, it properly classified and paid the employees subject to this settlement. However, in light of the risk and expense of protracted litigation, IRI, Class and Collective Counsel, and Plaintiff believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, and assuming that the Court approves the settlement, you will receive a settlement payment approximating your estimated FLSA Collective allocation stated above. If you do nothing, a check will arrive in the mail (to the same address to which this notice was sent). Even if you do not cash the check, you will agree that you are releasing your claims covered by this Settlement, including your claims under the federal FLSA. |
| **WITHDRAW YOUR CONSENT-TO-JOIN** | If you take the affirmative steps described in this notice to withdraw your consent-to-join and exclude yourself from the settlement, you will receive no payment from this settlement. However, you would be free to pursue any claims separately against IRI. The steps to withdraw your consent-to-join are explained below. |

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION                                                             PAGE 1
    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  What is a collective action?
    4.  Why is there a settlement?

WHO IS IN THE SETTLEMENT?                                                     PAGE 2
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET                                        PAGE 3
    8.  What does the settlement provide?
    9.  How much will my payment be?

YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY WITHDRAW                   PAGE 4
YOUR CONSENT-TO-JOIN FORM
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment?
    13. What if I believe I am not being credited for the right number of
        workweeks?

EXCLUDING YOURSELF FROM THE SETTLEMENT                                        PAGE 6
    14. What does it mean to exclude myself from the settlement?
    15. How do I get out of the settlement?
    16. What happens if I do nothing?

17. What are claims under the Fair Labor Standards Act?

THE LAWYERS REPRESENTING THE CLASS AND COLLECTIVE                    PAGE 7
    18. Do I have a lawyer in the case?
    19. How will the lawyers, claims administrator, Representative Plaintiffs, and
        the State of California be paid?

THE COURT'S FINAL FAIRNESS HEARING                                  PAGE 8
    20. When and where will the Court decide whether to approve the settlement?
    21. Do I have to come to the hearing?


GETTING MORE INFORMATION                                            PAGE 9
    22. Are there more details about the settlement?
    23. How do I get more information?

BASIC INFORMATION

---

**1. Why did I get this notice package?**

---

IRI's records indicate that the company employed you and classified you as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, and/or other similar, non-management positions, including Client Insights Analyst and/or Client Insights Consultant in the United States at some point between August 9, 2014 and [date of the preliminary approval order] (the "Collective Action Period") and Court records reflect that you timely filed a consent form.

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST (N.D. Cal.). The person who brought the suit is called the Plaintiff, and the entity the suit was brought against (IRI) is the Defendant.

---

**2. What is this lawsuit about?**

---

The Plaintiff in this lawsuit claims that IRI misclassified as "exempt" from state and federal overtime laws Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other job titles performing the same or similar non-management positions, including Client Insights Analysts and Client Insights Consultants. Plaintiff thereby alleges that IRI failed to pay overtime when people in these positions worked more than forty hours in a week, along with various California claims inapplicable to you.

The Court has not issued any ruling on the merits of Plaintiff's claims, and IRI takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under all applicable law, and were made in good faith.

---

**3. What is a collective action?**

---

In a FLSA collective action, the Representative Plaintiff (in this case Iram Bakhtiar), sues on behalf of people who have similar claims (the FLSA Collective). The Court can make rulings affecting the FLSA Collective (such as approving the parties' settlement), which only effect those who have filed a consent-to-join.

1

| **4.   Why is there a settlement?** |
| --- |

The Court did not issue a judgment, or make any rulings on the merits, in favor of Plaintiff or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the FLSA Collective members sooner, rather than later, if at all. The Representative Plaintiff and the attorneys believe that this settlement is in the best interests of all FLSA Collective Members.

**WHO IS IN THE SETTLEMENT?**

| **5.   How do I know if I am part of the settlement?** |
| --- |

Everyone who fits the following description is a FLSA Collective Member: All individuals employed by Defendant at any time from August 9, 2014, through [date of the preliminary approval order], and who have been employed by Defendant as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts and Client Insights Consultants, within the United States, who opted into this matter prior to March 6, 2019.

| **6.   Are there exceptions to being included?** |
| --- |

You are not a FLSA Collective Member if you did not work for IRI as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-management position, including Client Insights Analyst and Client Insights Consultant, within the United States during the Collective Action Period. You may also exclude yourself from the FLSA Class settlement by timely withdrawing your consent-to-join form, as described below.

You are not a FLSA Collective Member if you did not previously submit a FLSA consent-to-join in this case.

| **7.   I am still not sure if I am included.** |
| --- |

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you timely withdraw your consent-to-join form, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

---

**8.   What does the settlement provide?**

---

IRI has agreed to create a settlement fund of $2,250,000 to be divided among all California Class Members and FLSA Collective Members who participate in the settlement. The fund will also be used to pay for Plaintiff's attorney's fees and costs, an enhancement payment to the named Plaintiff, administrative expenses, and other payments made pursuant to this Settlement.

Participants in the settlement will receive a *pro rata* payment based on the number of workweeks during the Collective Action Period that they worked as exempt employees in the relevant positions for IRI.

California participants will receive payment that is 1.75 times larger per workweek than participants who worked outside of California, to reflect the additional claims asserted on behalf of those individuals, and differences between California and federal wage and hour laws.

The Settlement provides for corporate changes, too. In particular, IRI agrees to review the job responsibilities of persons currently in the following job classifications:

•     Client Service, Analyst;

•     Client Service, Consultant, Level 1;

•     Client Insights, Analyst; and

•     Client Insights, Consultant, Level 1.

Persons employed as Client Service, Analysts, Level 1, and Client Insight Analysts, Level 1, no later than January 1, 2020, will be reclassified as nonexempt, eligible for overtime compensation. IRI will retain the discretion to set the hourly pay of Level 1 Analysts reclassified as nonexempt.

IRI has begun to analyze the job responsibilities of persons employed in all of the job classifications listed above (including all Analysts regardless of Level). Based on that analysis, IRI will either: (1) classify those employees as non-exempt and assign them a job title of Client Service Analyst, Level 1, or Client Insights Analyst, Level 1; (2) modify the job duties performed by those employees so that they remain exempt employees and assign them a job title other than of Client Service Analyst, Level 1, or Client Insights Analyst, Level 1; or (3) determine that the employees are correctly classified and assign them a job title other than of Client Service Analyst, Level 1 or Client Insights Analyst, Level 1.  When newly hired or reassigned employees are placed as Analysts or Consultants, IRI will determine whether at the time of hire or reassignment those employees should be classified as a nonexempt Client Service Analyst, Level 1 or Client Insights Analyst, Level 1, or assigned a different, exempt classification.

IRI will provide reports to Class Counsel concerning the classification of employees in the four job classifications listed above, and for each person explain whether that person has been reclassified as non-exempt or has remained in or been reassigned to an exempt position other than Client Service Analyst, Level 1, or Client Insights Analyst, Level 1.  If and to the extent that any incumbent employee in any of the four Classifications listed above has not been examined, the status report will set forth a schedule for that examination.  For a period of two years after entry

of Final Judgment, IRI will provide Class Counsel with four updated reports, six months, twelve months, 18 months, and 24 months after Final Approval.

Within the 24-month period after Final Approval, if the nomenclature of the job classifications at issue changes, IRI will review the exempt status of the employees in substantially similar positions.

| **9.  How much will my payment be?** |
| --- |

Your estimated share of the fund is listed on the first page of this Notice. The amount is based on the number of workweeks during which you were actively employed as a FLSA Collective Member during the Collective Action Period.

For tax reporting purposes, one-third of the settlement amount you receive will be considered wages, one-third will be considered interest, and one-third will be considered penalties and liquidated damages. The claims administrator will issue you associated tax reporting documents. You alone are responsible to pay any appropriate taxes on your settlement amount.

**YOU WILL LIKELY RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY WITHDRAW YOUR CONSENT-TO-JOIN FORM**

| **10.  How can I get a payment?** |
| --- |

If you are receiving this notice, and the settlement receives final approval from the Court, unless you affirmatively withdraw your FLSA consent-to-join form by [*date – 45 days after notice is mailed*], you will automatically receive a payment.

| **11.      When would I get my payment?** |
| --- |

The Court will hold a hearing on [*date*] at [**time**] p.m. to decide whether to grant final approval of the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

| **12.  What am I giving up to get a payment?** |
| --- |

Unless you affirmatively and timely withdraw your FLSA consent-to-join form, you are part of the FLSA Collective. That means you cannot sue, continue to sue, or be part of any other lawsuit against IRI concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively and timely withdraw your FLSA consent-to join form, you will be

releasing all wage and hour claims covered by this settlement under the FLSA, whether you cash your check or not.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 6 of the Settlement Agreement.

| 13. | What if I believe I am not being credited for the right number of work-weeks? |
|---|---|

If you dispute the information shown on your Notice of Settlement regarding the total number of weeks that you actively worked during the Collective Action Period as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-managerial position, you may indicate and explain such disagreement within forty-five (45) days of the mailing of the Notice of Settlement. You can do so by notifying the Claims Administrator pursuant to the following procedures:

   a) You must timely submit documentation relating to your dispute;
   b) The Claims Administrator shall notify IRI's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute;
   c) In case of a dispute, IRI's records shall control and will have a rebuttable presumption of correctness. This means that you have the burden to prove, with records in support, that the work weeks listed are wrong; and
   d) The Claims Administrator will notify you whether or not your dispute has been successful.

EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. | What does it mean to exclude myself from the settlement? |
|---|---|

If you do not want a payment from the Settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against IRI on your own regarding the legal issues in this case, then you must exclude yourself from the settlement of FLSA Collective claims by withdrawing your FLSA consent-to-join form. If you withdraw your FLSA consent-to-join form, you will not receive any money at all from the settlement.

| 15. | How do I withdraw my consent? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail to the Claims Administrator setting forth your name, the case name and number, and a statement that you request to withdraw your consent-to-join form, and your signature. You must mail your withdrawal request postmarked no later than [*date 45 days after notice is mailed*] to:

*Bakhtiar v. Information Resources, Inc.* Claims Administrator
c/o Rust Consulting Inc.
P.O. Box 2396
Fairbault, MN 55021-9096

If you withdraw your consent-to-join form, you will not get any settlement payments of any kind in this case. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against IRI for the wage claims at issue in this case in the future.

If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this settlement to continue your own claim or lawsuit.

| **16.  What happens if I do nothing?** |
| --- |

If you do nothing regarding this notice, you will be sent a check for your allocated amount, provided the Court grants final approval of the Settlement. Even if you do not cash the check, your rights will still be affected, in that you will necessarily give up your right to sue IRI for claims that this settlement resolves.

| **17.  What are claims under the Fair Labor Standards Act?** |
| --- |

The Fair Labor Standards Act ("FLSA") is a federal law governing the payment of overtime for hours worked past 40 in a week.

If you do not timely withdraw your consent-to-join form, you will release your claims under the FLSA, regardless of whether you cash your check.

THE LAWYERS REPRESENTING THE CLASS

| **18.  Do I have a lawyer in this case?** |
| --- |

Bryan Schwartz Law represents the FLSA Collective. The lawyers of this office are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **19.  How will the lawyers, claims administrator, Representative Plaintiff, and the State of California be paid?** |
| --- |

Class Counsel will ask the Court to approve the payment of one-quarter of the settlement amount for attorneys' fees (up to $562,500), as well as litigation costs.

The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, and capped at $15,000.

A payment of up to $15,000 will be made to Class Representative Iram Bakhtiar for her work in

bringing this lawsuit and in exchange for her waiving a much broader array of personal claims than those you are waiving.

Plaintiff's Counsel will also ask the Court to approve a payment of $16,875 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged California Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004. A payment to the LWDA is required by statute.

The Court may award less than these amounts. IRI has agreed not to oppose Plaintiff's Counsel's request for fee, expense, and Representative Plaintiff service payments. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members and FLSA Collective Members or distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to IRI.

### THE COURT'S FINAL FAIRNESS HEARING

---

**20.  When and where will the Court decide whether to approve the settlement?**

---

The Court will hold a Final Approval Fairness Hearing at [XXX] on [XXX], at the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, CA, 94102, before the Honorable Jon S. Tigar. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from California Class Members, the Court will consider them. FLSA Collective members may not object to the settlement; they may only choose whether or not to participate in the settlement. After the hearing, the Court will decide whether to approve the settlement.

Please note that the hearing may be postponed without further notice. Thus, if you plan to attend the hearing, you should check the website listed in the "Getting More Information" section of this Notice, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

---

**21.  Do I have to come to the hearing?**

---

No. But, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it is not necessary.

### GETTING MORE INFORMATION

---

**22.  Are there more details about the settlement?**

---

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/irisettlement, by contacting Class Counsel as set forth at Section 24, below, by accessing the Court docket in this case through the Court's Public Access

to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court at any location of the United States District Court for the Northern District of California, during business hours. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

---

**23.  How do I get more information?**

---

You can call 1-XXX-XXX-XXXX toll free, write to *Bakhtiar v. Information Resources, Inc.* Claims Administrator, c/o Rust Consulting Inc., P.O Box 2396 Fairbault, MN 55021-9096, or go to http://www.bryanschwartzlaw.com/irisettlement.

You may also call Class Counsel: Bryan Schwartz Law, (510) 444-9300.

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE JON S. TIGAR, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Judge Jon S. Tigar

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAM BAKHTIAR, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INFORMATION RESOURCES, INC.,<br><br>    Defendant. | Case No.: 3:17-cv-04559-JST<br><br><br>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO MEMBERS OF BOTH THE CALIFORNIA CLASS AND FLSA COLLECTIVE**<br><br><br>Honorable Jon S. Tigar |

## <u>IMPORTANT NOTIFICATION TO POTENTIAL CLASS AND COLLECTIVE ACTION MEMBERS</u>

**TO:**   ALL PERSONS WHO WERE EMPLOYED BY INFORMATION RESOURCES, INC., AND CLASSIFIED AS EXEMPT CLIENT SERVICE MANAGERS, CLIENT SOLUTIONS MANAGERS, CLIENT SERVICE ANALYSTS, AND CLIENT SERVICE CONSULTANTS, AND OTHER SIMILAR, NON-MANAGEMENT POSITIONS, INCLUDING CLIENT INSIGHTS ANALYSTS AND CLIENT INSIGHTS CONSULTANTS WITHIN THE STATE OF CALIFORNIA AT ANY TIME FROM AUGUST 9, 2013, THROUGH MAY 30, 2019 ("CLASS MEMBERS"), WHO FILED A CONSENT-TO-JOIN FORM ON OR BEFORE MAY 6, 2019, AND WERE EMPLOYED AT ANY TIME FROM AUGUST 9, 2014 THROUGH MARCH 6, 2019 ("FLSA COLLECTIVE MEMBERS").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT CLASS MEMBER IN CALIFORNIA BETWEEN AUGUST 9, 2013, AND MAY 30, 2019, FOR [XXX] WEEKS.**

**ACCORDING TO COMPANY RECORDS, YOU ACTIVELY WORKED AS AN EXEMPT FLSA COLLECTIVE MEMBER INSIDE OF CALIFORNIA BETWEEN [three years before date of opt-in or August 9, 2014, whichever is later] AND [date of the preliminary approval order] FOR [XXX] WEEKS.**

**YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT IS $[XXXXX] BEFORE TAXES. YOU WILL RECEIVE AT LEAST $[XXXXX] IF YOU DO NOT EXCLUDE YOURSELF FROM THE CALIFORNIA CLASS SETTLEMENT, OR WITHDRAW YOUR FLSA CONSENT-TO-**

**JOIN, AND THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT. YOUR FINAL ALLOCATION MAY BE MORE THAN $[XXXXX] IF OTHER CLASS MEMBERS OPT OUT AND/OR FLSA COLLECTIVE MEMBERS WITHDRAW THEIR CONSENT-TO-JOIN FORMS. YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT AS A CLASS MEMBER IS $[XXXXX] ("California Class Payment"), AND YOUR ESTIMATED ALLOCATION OF THE SETTLEMENT AS A FLSA COLLECTIVE MEMBER IS $[XXXXX] ("FLSA Collective Payment"). YOU MAY TAKE THE STEPS DETAILED BELOW IN ORDER TO RECEIVE BOTH, ONE, OR NEITHER OF THESE PAYMENTS.**

- The settlement fund will pay claims of 129 former Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts and Client Insights Consultants who worked for Information Resources, Inc. ("IRI") and whom IRI classified as exempt at any point from August 9, 2013, until May 30, 2019, in California, or from August 9, 2014, until March 6, 2019 in the United States.

- The settlement pertains to a lawsuit asserting causes of action against IRI for: (1) failure to pay overtime wages; (2) failure to provide and/or authorize meal and rest periods; (3) failure to provide accurate itemized wage statements; (4) failure to pay earned wages upon discharge; (5) failure to reimburse business expenses; (6) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (7) penalties under the California Labor Code Private Attorneys General Act of 2004.

- IRI denies that it is liable for any of these claims. IRI contends that, at all times, it properly classified and paid the employees subject to this settlement. However, in light of the risk and expense of protracted litigation, IRI, Class and Collective Counsel, and Plaintiff believe that this is a fair settlement of the class and collective claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A CLASS SETTLEMENT PAYMENT** | If you do nothing, and assuming that the Court approves the settlement, you will receive a settlement payment approximating your estimated California Class payment stated above. If you do nothing, a check will arrive in the mail (to the same address to which this notice was sent). Even if you do not cash the check, you will agree that you are releasing your rights to bring separate claims against IRI for the state law claims in this case. Doing nothing with respect to your California Class claims and receiving your California Class payment (assuming the Court approves the settlement) does not preclude you from participating in or withdrawing from the FLSA Collective. |
| **DO NOTHING AND RECEIVE A FLSA SETTLEMENT PAYMENT** | Unless you withdraw your consent-to-join, you are releasing your rights to bring a separate FLSA claim against IRI for the federal law claims in this case in exchange for your FLSA payment (mailed to the same address to which this Notice was sent), assuming the Court approves the settlement. Declining to withdraw your consent-to-join and receiving your FLSA Collective payment (assuming the Court approves the settlement) does not preclude you from participating in or excluding yourself from the California Class. |
| **EXCLUDE YOURSELF FROM THE CALIFORNIA CLASS** | If you take the affirmative steps described in this notice to exclude yourself from the California Class, you will receive no California Class payment from this settlement. However, you would be free to pursue any California claims separately against IRI. Excluding yourself from the California Class does not preclude you from participating in the settlement as a member of the FLSA Collective. |
| **WITHDRAW YOUR CONSENT-TO-JOIN** | If you take the affirmative steps described in this notice to withdraw your consent-to-join and exclude yourself from the settlement, you will receive no FLSA Collective payment from this settlement. However, you would be free to pursue any FLSA claims separately against IRI. The steps to withdraw your consent-to-join are explained below. |
| **OBJECT** | If you wish to challenge the terms of the class action settlement, you may file a written objection with the Court, setting forth the reasons why you oppose the settlement. However, in order to object to the class action settlement you cannot exclude yourself from the California Class. You may withdraw your consent-to-join the FLSA Collective and still exercise your right to object to the class action settlement, provided you do not exclude yourself from the California Class. |

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION — PAGE 1
1. Why did I get this notice package?
2. What is this lawsuit about?
3. What is a class action? What is a collective action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT? — PAGE 2
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I am still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET — PAGE 3
8. What does the settlement provide?
9. How much will my payment be?

YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT AND WITHDRAW YOUR CONSENT-TO-JOIN — PAGE 5
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment?
13. What if I believe I am not being credited for the right number of workweeks?

EXCLUDING YOURSELF FROM THE SETTLEMENT — PAGE 6
14. What does it mean to exclude myself from the settlement?
15. How do I opt out of the settlement or withdraw my consent-to-join?
16. What happens if I do nothing?
17. What are claims under the Fair Labor Standards Act?

THE LAWYERS REPRESENTING THE CLASS AND COLLECTIVE — PAGE 8
18. Do I have a lawyer in the case?
19. How will the lawyers, claims administrator, Representative Plaintiff, and the State of California be paid?

OBJECTING TO THE SETTLEMENT — PAGE 8
20. How do I tell the Court that I challenge all or some of the settlement terms?
21. What's the difference between objecting, on the one hand, and excluding myself (i.e., "opting out") from the settlement, on the other?

THE COURT'S FINAL FAIRNESS HEARING — PAGE 9
22. When and where will the Court decide whether to approve the settlement?
23. Do I have to come to the hearing?
24. May I speak at the hearing?

GETTING MORE INFORMATION — PAGE 10
25. Are there more details about the settlement?

26. How do I get more information?

## BASIC INFORMATION

| **1. Why did I get this notice package?** |
| --- |

IRI's records indicate that the company employed you and classified you as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, and/or other similar, non-management positions, including Client Insights Analyst and/or Client Insights Consultant in California at some point between August 9, 2013 and May 30, 2019 (the "Class Period").

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST (N.D. Cal.). The person who brought the suit is called the Plaintiff, and the entity the suit was brought against (IRI) is the Defendant.

| **2. What is this lawsuit about?** |
| --- |

The Plaintiffs in this lawsuit claim that IRI misclassified as "exempt" from state and federal overtime laws Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other job titles performing the same or similar non-management positions including Client Insights Analysts and Client Insights Consultants. This action involves collective action claims under the federal Fair Labor Standards Act as well as a class action under California law. Plaintiff thereby alleges that IRI: (1) failed to pay overtime when they worked more than eight hours in a day or forty hours in a week; and, in California, (2) failed to provide rest and meal breaks; (3) failed to provide accurate itemized wage statements; (4) failed to pay all wages due at the time of discharge or resignation from employment; (5) failed to reimburse business expenses; (6) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code; and (7) as a result of the foregoing, also owes penalties under the California Labor Code Private Attorneys General Act of 2004.

The Court has not issued any ruling on the merits of Plaintiffs' claims, and IRI takes the position that its pay practices, including the exempt classifications at issue in this lawsuit, have been appropriate under California and federal law, and were made in good faith.

**3.   What is a class action? What is a collective action?**

In a class action, the Class Representative(s) (in this case Iram Bakhtiar) sues on behalf of people who have similar claims ("Class Members"). The Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

In a FLSA collective action, the Representative Plaintiff(s) (in this case Iram Bakhtiar), sues on behalf of people who have similar claims (the "FLSA Collective"). The Court can make rulings affecting the FLSA Collective (such as approving the parties' settlement), which only effect those who have opted into this case by filing a consent-to-join.

**4.   Why is there a settlement?**

The Court did not issue a judgment, or make any rulings on the merits, in favor of Plaintiff or Defendant. Instead, the parties reached a negotiated settlement, which avoids the uncertainties, costs, and delays associated with further litigation and which compensates the California Class and FLSA Collective members sooner, rather than later, if at all. The Representative Plaintiff and the attorneys believe that this settlement is in the best interests of all California Class Members and FLSA Collective Members.

WHO IS IN THE SETTLEMENT?

**5.   How do I know if I am part of the settlement?**

Everyone who fits the following description is a California Class Member: All individuals employed by Defendant at any time from August 9, 2013, through May 30, 2019, and who have been employed by Defendant as Client Service Managers, Client Solutions Managers, Client Service Analysts, Client Service Consultants, and other similar, non-management positions, including Client Insights Analysts, and Client Insights Consultants within the state of California.

Everyone who opted-into the FLSA Collective Action before March 6, 2019, is a FLSA Collective Member, having worked in the above-mentioned positions after August 9, 2014.

**6.   Are there exceptions to being included?**

You are not a California Class Member if you did not work for IRI as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-management position, including Client Insights Analyst and Client Insights Consultant, within California during the Class Period. You may also exclude yourself from the California Class settlement by one of the methods described below.

You are not a FLSA Collective Action member if you did not previously submit a FLSA consent-

to-join in this case. You may exclude yourself from the FLSA Collective by withdrawing your consent-to-join form, as described below.

| **7.  I am still not sure if I am included.** |
| --- |

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out of the California Class, you will receive a California Class settlement payment, assuming that the Court approves the settlement, regardless of whether you withdraw your FLSA consent-to-join.

If you sent in your FLSA consent-to-join form and you do not withdraw your FLSA consent-to-join form, you will receive a settlement payment that covers your FLSA claims, assuming the Court approves the settlement, regardless of whether you opt of the California Class or object to the settlement.

If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.  What does the settlement provide?** |
| --- |

IRI has agreed to create a settlement fund of $2,250,000. This fund will be divided among all California Class Members and FLSA Collective Members who participate in the settlement, Plaintiff's attorney's fees and costs, an enhancement payment to the named Plaintiff, administrative expenses, and other payments made pursuant to this Settlement. After attorneys' fees and costs, the named Plaintiff enhancement, administrative expenses, and other payments, approximately $1,615,625 is expected to be available for distribution to California Class Members and FLSA Collective Members.

Participants in the settlement will receive a payment based on the number of workweeks during the Class Period that they worked as exempt employees in the relevant positions for IRI. The more workweeks a California Class Member or FLSA Collective Member worked as an exempt employee for IRI, the more that California Class Member or FLSA Collective Member will receive as a result of the settlement, assuming the Court approves the settlement.

California participants without FLSA claims will receive payment that is 1.75 times larger per workweek than participants who worked outside of California, to reflect the additional claims asserted on behalf of those individuals, and differences between California and federal wage and hour laws. Members of both the California Class and the FLSA Collective will receive payment that is 2.0 times larger per workweek than participants who worked outside California.

The Settlement provides for corporate changes, too. In particular, IRI agrees to review the job responsibilities of persons currently in the following job classifications:

- Client Service, Analyst;

- Client Service, Consultant, Level 1;

- Client Insights, Analyst; and

- Client Insights, Consultant, Level 1.

IRI has created a new job title, "Junior Analyst," for the Client Service and Client Insights employees that have been reclassified as nonexempt or will be hired as nonexempt.

IRI has begun to analyze the job responsibilities of persons employed in all of the job classifications listed above (including all Analysts regardless of Level). Based on that analysis, IRI will either: (1) classify those employees as non-exempt and assign them a job title of Client Service Junior Analyst, or Client Insights Junior Analyst; (2) modify the job duties performed by those employees so that they remain exempt employees and assign them a job title other than of Client Service Junior Analyst, or Client Insights Junior Analyst; or (3) determine that the employees are correctly classified. When newly hired or reassigned employees are placed as Analysts or Consultants, IRI will determine whether at the time of hire or reassignment those employees should be classified as a nonexempt Client Service Junior Analyst, Level 1 or Client Insights Junior Analyst, Level 1, or assigned a different, exempt classification.

IRI will provide reports to Class Counsel concerning the classification of employees in the four job classifications listed above, and for each person explain whether that person has been reclassified as non-exempt or has remained in or been reassigned to an exempt position. If and to the extent that any incumbent employee in any of the four Classifications listed above has not been examined, the status report will set forth a schedule for that examination. For a period of two years after entry of Final Judgment, IRI will provide Class Counsel with four updated reports, six months, twelve months, 18 months, and 24 months after Final Approval.

Within the 24-month period after Final Approval, if the nomenclature of the job classifications at issue changes, IRI will review the exempt status of the employees in substantially similar positions.

| **9.   How much will my payment be?** |
|---|

Your estimated share of the fund is listed on the first page of this Notice. The amount is based on the number of workweeks during which you were actively employed as a Class Member and FLSA Collective Member during the Class Period.

For tax reporting purposes, one-third of the settlement amount you receive will be considered wages, one-third will be considered interest, and one-third will be considered penalties and liquidated damages. The claims administrator will issue you associated tax reporting documents. You alone are responsible to pay any appropriate taxes on your settlement amount.

**YOU WILL LIKELY RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT AND WITHDRAW YOUR CONSENT-TO-JOIN**

| 10.  How can I get a payment? |
|---|

If you are receiving this notice, and the settlement receives final approval from the Court, unless you affirmatively opt out of the settlement or withdraw your FLSA consent-to-join form by [*date – 45 days after notice is mailed*], you will automatically receive a payment. If you withdraw from the California Class but do not withdraw your consent-to-join form, you will receive only your FLSA Collective payment, and you will waive only the claims waived by the FLSA Collective (discussed in Section 12), but not the claims waived by the California Class (also discussed in Section 12). If you withdraw your consent-to-join form but do not withdraw from the California Class, you will receive only your California Class payment, and you will waive only the claims waived by the California Class (discussed in Section 12), but not the claims waived by the FLSA Collective (also discussed in Section 12).

| 11.       When would I get my payment? |
|---|

The Court will hold a hearing on [*date*] at [*time*] p.m. to decide whether to grant final approval of the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several months after the hearing.

| 12.  What am I giving up to get a payment? |
|---|

Unless you affirmatively exclude yourself from the California Class settlement, you are part of the California Class. Assuming you do not withdraw your FLSA consent-to-join form, you are part of the FLSA Collective. That means you cannot sue, continue to sue, or be part of any other lawsuit against IRI concerning the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims under California law covered by this settlement, whether you cash your check or not. If you previously submitted a "consent-to-join" form, unless you withdraw your consent, you will also release all wage and hour claims under the federal Fair Labor Standards Act, whether you cash your check or not.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 6 of the Settlement Agreement.

| 13. | What if I believe I am not being credited for the right number of work-weeks? |
|---|---|

If you dispute the information shown on your Notice of Settlement regarding the total number of weeks that you actively worked as an exempt Client Service Manager, Client Solutions Manager, Client Service Analyst, Client Service Consultant, or other similar non-managerial position, you may indicate and explain such disagreement within forty-five (45) days of the mailing of the Notice of Settlement. You can do so by notifying the Claims Administrator pursuant to the following procedures:

   a) You must timely submit employment documentation relating to your dispute, such as time or pay slips, offer letters, termination notices, performance evaluations or reviews, signed employment policies or handbooks, work communications such as time-stamped emails, or other documentation indicating your period of employment with IRI;

   b) The Claims Administrator shall notify IRI's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute;

   c) In case of a dispute, IRI's records shall control and will have a rebuttable presumption of correctness. This means that you have the burden to prove, with records such as those described above, that the work weeks listed are wrong; and

   d) The Claims Administrator will notify you whether or not your dispute has been successful.

EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. | What does it mean to exclude myself from the settlement? |
|---|---|

If you do not want a payment from the Settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against IRI on your own regarding the legal issues in this case, then you must exclude yourself from the settlement of California Class claims, and/or withdraw your FLSA consent-to-join form. Excluding yourself from the California claims is called "opting out" of the California Class Settlement. If you exclude yourself from the California Class Settlement, you will not receive any money at all from the California Class Settlement. Excluding yourself from the FLSA collective requires withdrawing your consent-to-join form. If you withdraw your consent-to-join form, you will receive no money at all from the FLSA Collective Settlement.

Excluding yourself from the California Class does not preclude participation in the FLSA Collective. Likewise, excluding yourself from the FLSA Collective does not preclude participation in the California Class or objecting to the class action settlement.

| 15. | How do I opt out of the settlement or withdraw my consent-to-join? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail to the Claims Administrator setting forth your name, the case name and number, and a statement that you request to be excluded from the California Class, and/or withdraw from the FLSA Collective, and your signature. You must mail your withdrawal request postmarked no later than [*date 45 days after notice is mailed*] to:

*Bakhtiar v. Information Resources, Inc.* Claims Administrator
c/o Rust Consulting Inc.
P.O. Box 2396
Fairbault, MN 55021-9096

If you ask to be excluded from the California Class, you will not get any California Class settlement payment and you cannot object to the settlement. If you previously opted into this case, and you exclude yourself, your opt-in form will be effectively withdrawn. You will be able to pursue claims (or continue to pursue claims) against IRI for the California wage claims at issue in this case in the future. You must mail your exclusion request postmarked no later than [*date 45 days after notice is mailed*] to the address listed in the previous paragraph.

If you withdraw your consent-to-join form, you will not get any FLSA Collective settlement payments. You will be able to pursue claims (or continue to pursue claims) against IRI for the federal wage claims at issue in this case in the future.

If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this settlement to continue your own claim or lawsuit.

## 16.  What happens if I do nothing?

If you do nothing regarding this notice, you will be sent a check for your California Class allocation, provided the Court grants final approval of the Settlement. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue IRI for California wage and hour claims.

If you do nothing, you will also release all wage and hour claims under the FLSA covered by this settlement, even if you do not cash your check, unless you withdraw your consent-to-join form.

## 17.  What are claims under the Fair Labor Standards Act?

The Fair Labor Standards Act ("FLSA") is a federal law governing the payment of overtime for hours worked past 40 in a week. In contrast, California law requires overtime to be paid for hours worked past 8 in a day or 40 hours in a week. California also has laws relating to meal breaks and rest breaks, itemized wage statements, waiting time penalties, and business expense reimbursements, among other laws.

If you do not timely withdraw your FLSA consent-to-join form, you will release your claims under the FLSA, regardless of whether you cash your check.

## THE LAWYERS REPRESENTING THE CLASS

> **18.  Do I have a lawyer in this case?**

Bryan Schwartz Law represents the California Class and FLSA Collective. The lawyers of this office are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

> **19.  How will the lawyers, claims administrator, Representative Plaintiff, and the State of California be paid?**

Class Counsel will ask the Court to approve the payment of one-quarter of the settlement amount for attorneys' fees (up to $562,500), as well as litigation costs.

The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, and capped at $15,000.

A payment of up to $15,000 will be made to Class Representative Iram Bakhtiar for her work in bringing this lawsuit and in exchange for her waiving a much broader array of personal claims than those you are waiving.

Plaintiff's Counsel will also ask the Court to approve a payment of $16,875 to the State of California's Labor and Workforce Development Agency ("LWDA") to satisfy alleged California Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004. A payment to the LWDA is required by statute.

The Court may award less than these amounts. IRI has agreed not to oppose Class Counsel's request for fee, expense, and representative Plaintiff service payments. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or distributed to an appropriate charity, depending upon the amount of the money. No money from hypothetically reduced attorneys' fees and costs will revert to IRI.

## OBJECTING TO THE SETTLEMENT

> **20.  How do I tell the Court that I challenge all or some of the settlement terms?**

You can ask the Court to deny approval by filing an objection related to your California Class claims. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

To object to the proposed settlement, you must submit your objection to the Court by **[45 days**

==after the mailed notice date==]. If you fail to timely file and serve objections, you shall have been deemed to waive any objection. All written objections and supporting papers must (a) clearly identify the case name and number (*Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; (c) be filed or postmarked on or before ==[*XXXX – 45 days after mailing of notice*==]; and (d) be sent, also, to:

*Bakhtiar v. Information Resources, Inc.* Claims Administrator
c/o Rust Consulting Inc.
P.O. Box 2396
Fairbault, MN 55021-9096

---

**21.    What's the difference between objecting, on the one hand, and excluding myself ("opting out") from the settlement, on the other?**

---

Objecting is simply telling the Court that you wish to challenge all or part of the settlement of California Class claims. You can object only if you stay in the California Class.

Excluding yourself from the settlement or "opting out" of the California Class is telling the Court that you do not want to be part of the California Class, and withdrawing your FLSA consent-to-join, if applicable, such that you receive no payment of any kind. If you exclude yourself, you have no basis to object because the case no longer affects you.

THE COURT'S FINAL FAIRNESS HEARING

---

**22.  When and where will the Court decide whether to approve the settlement?**

---

The Court will hold a Final Approval Fairness Hearing at [==XXX==] on [==XXX==], at the United States District Court for the Northern District of California, at 1301 Clay Street, Courtroom 6, 2nd Floor, Oakland, CA, 94612, before the Honorable Jon S. Tigar. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections from Class Members, the Court will consider them (FLSA Collective members may not object to the settlement; they may only choose whether or not to participate in the settlement). After the hearing, the Court will decide whether to approve the settlement.

Please note that the hearing may be postponed without further notice. Thus, if you plan to attend the hearing, you should check the website listed in the "Getting More Information" section of this Notice, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

---

**23.  Do I have to come to the hearing?**

---

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it (FLSA Collective members may not object to the settlement, they may only choose whether or not to participate in the settlement). As long as the Court receives your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 24.  May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Bakhtiar v. Information Resources, Inc.*, Case No. 3:17-cv-04559-JST." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed below. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

| Court | Class Counsel | Defense Counsel |
| --- | --- | --- |
| United States District Court<br>Northern District of California<br>1301 Clay Street<br>Oakland, CA 94612 | Bryan Schwartz Law<br>180 Grand Avenue,<br>Suite 1380<br>Oakland, CA 94612 | Jackson Lewis P.C.<br>Attn: Fraser A. McAlpine<br>50 California Street,<br>9th Floor<br>San Francisco, CA 94111 |

GETTING MORE INFORMATION

| 25.  Are there more details about the settlement? |
| --- |

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.bryanschwartzlaw.com/irisettlement, by contacting Class Counsel as set forth in Section 26, below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court at any location of the United States District Court for the Northern District of California, during business hours. In addition to the settlement agreement, the website http://www.bryanschwartzlaw.com/irisettlement provides access to the Class Notice, the motions for approval of the settlement and for attorneys' fees, the operative Complaint, and other documents relevant to the settlement. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control.

| 26.  How do I get more information? |
| --- |

You can call 1-XXX-XXX-XXXX toll free, write to Rust Consulting Inc., P.O Box 2396 Fairbault, MN 55021-9096, or go to http://www.bryanschwartzlaw.com/irisettlement.

You may also call Class Counsel: Bryan Schwartz Law, (510) 444-9300.

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE JON S. TIGAR, UNITED STATES DISTRICT COURT JUDGE.**


_____
The Honorable Judge Jon S. Tigar


4835-2986-2583, v. 1